**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) Crim. No. 1:19-cr-00007-JAW |
| | ) |
| **DOUGLAS GORDON.** | ) |

# MOTION OF THE UNITED STATES FOR DETENTION

**NOW COMES** the United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and James M. Moore, Assistant U.S. Attorney, and hereby respectfully moves for pretrial detention of the Defendant pursuant to 18 U.S.C. § 3142(g)(4). The Defendant has been unrelenting in his illegal reproduction and sale of counterfeit copies of copyright-protected motion pictures. The Government asserts based on the history of Douglas Gordon during the past three and one-half years that he will be unwilling to adhere to conditions of pretrial release and would continue committing offenses while on release. The Defendant confessed in an email message to the lead investigator that "all I've done since 2004 is sell things on-line. It's really all I know." He added that the investigation has "continue[d] to take away the only way I know how to make money." For the reasons set forth below, the United States requests that the Court enter an order of detention pending trial of the above-captioned case.

The Defendant was informed on August 4, 2015 by means of a hand-delivered letter from the U.S. Attorney's Office that investigators had "received substantial evidence relating to [his] involvement in mail fraud, wire fraud and criminal infringement of movies protected by

1

copyright."[1]  A court-approved warrant authorizing a search of the residence being used by Mr. Gordon was executed during August, 2015 in the presence of the Defendant and resulted in the recovery of many counterfeit DVDs, equipment used to reproduce DVD copies of motion pictures as well as order forms and other documents connecting Mr. Gordon to the websites used to advertise the sale of the motion picture DVDs.  On May 10, 2017, investigators once again executed a court-approved warrant authorizing a search of the same residence being used by the Defendant.  After recovery of additional evidence of copyright infringement and receipt of an inventory of items seized from the residence, Mr. Gordon confirmed his knowledge of the search and the ongoing federal investigation by sending email messages directly to the lead investigator.

The domain name for a website used by the Defendant to sell counterfeit copies of copyright-protected motion pictures was also seized pursuant to a court order by Homeland Security Investigations (HSI), U.S. Department of Homeland Security (DHS) in May, 2017.  Beginning in June of 2017 and continuing through November of 2018, Mr. Gordon sent a dozen email messages to the above-referenced investigator, admitting in one of the emails his knowledge that the focus of the investigation was on the copyrights of movies.  In another email message, the Defendant confessed to the investigator that "all I've done since 2004 is sell things on-line.  It's really all I know."  He added the investigation has "continue[d] to take away the only way I know how to make money."  He also issued a threat, used profanity and ridiculed the investigative agency.  The investigator was repeatedly taunted and harassed by Mr. Gordon.

Evidence recovered by HSI shows that criminal enterprises operated or aided and abetted by the Defendant have between October, 2010 and December, 2016 unlawfully made

---

[1] As suggested by the U.S. Attorney's Office, the Defendant secured legal counsel in 2015.  This criminal defense attorney had been previously-retained by Mr. Gordon and has remained available to the Defendant for more than three years to provide him with legal advice regarding reproduction and sale of copyright-protected motion pictures.

approximately $588,020 in sales of counterfeit DVD-R writeable copies of copyright-protected motion pictures.[2] A cursory review of additional evidence recently acquired regarding continued copyright infringement of motion pictures reveals the Defendant's illegal DVD sales in excess of $45,000 during 2018. Despite being informed in writing of the criminal investigation three and one-half years ago and directly informing HSI several months ago of his ongoing knowledge of the investigation, Mr. Gordon has continued since 2015 unlawfully reproducing and selling tens of thousands of counterfeit copies of copyright-protected motion pictures for private financial gain.

The Defendant's continued criminal copyright infringement and defrauding of copyright owners has risen to the level of felony offenses and presents a danger to the community. While the domain name of a second website used by Mr. Gordon was recently seized by HSI pursuant to a court order, he can easily obtain a new domain name and create a new website. The seriousness of the danger posed by the Defendant's unremitting reproduction of copyright-protected motion pictures to thousands of unknowing consumers is significant, especially in light of his continued criminal activity after repeated notifications of an ongoing Federal investigation. *See* 18 U.S.C. § 3142(g)(4) ("the nature and seriousness of the danger to any person or the community that would be posed by the person's release").

"There . . . is a serious danger that Defendant will continue to commit crimes similar to the [crimes] charged in this case if he is released. He is charged with what amounts to fraudulent activity . . . Such conduct, viewed collectively, demonstrates that the release of the defendant on bond would pose an unreasonable risk of harm to the community." *United States v. Bryan*, Crim.

---

[2] The weight of the evidence of copyright infringement is substantial and includes certificates of copyright registration showing ownership by third parties, copyright notices on the motion pictures themselves as well as statements from the owners of the copyrights which confirm the Defendant was not authorized to reproduce or sell DVD copies of the motion pictures.

No. 08-31, 2008 WL 4425816 at *2 (W.D. Pa. Sept. 30, 2008). While the nature and circumstances of the charges against Mr. Gordon – criminal copyright infringement – are not particularly severe, "that fact is offset by the fourth § 3142(g) factor, that is, [the Defendant] has demonstrated that he poses a serious danger to the community." *United States v. Childress*, 2017 WL 6406636 at *7 (S.D. Cal. Dec. 15, 2017). In light of evidence of Mr. Gordon's lengthy record of defrauding citizens who purchased DVDs from his organization, the United States believes that he cannot be trusted to adhere to conditions of pretrial release and would continue to engage in copyright infringement while on release. *See United States v. Davis*, 2018 WL 2937537 at *4 (W.D. Pa June 12, 2018). In fact, the Defendant's criminal conduct has escalated in recent months with his enlistment of a highly-skilled third party to reproduce the motion pictures.

Since evidence now shows the Defendant has remained for a period of years unrelenting in his illegal reproduction and sale of counterfeit copies of copyright-protected motion pictures, the United States respectfully requests a detention hearing. The United States will require approximately one hour to present its case for detention. To the extent that the Court will not enter a detention order, the Government respectfully requests that Mr. Gordon be subjected to various forms of monitoring, including searches of his computers and his credit card accounts such that any continued involvement in copyright infringement would be less likely. More specifically, the United States will request in the absence of the entry of a detention order that the Court impose the following conditions of release:

- Defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program (which will include full restriction of computer(s), internet/intranet, and/or internet-capable devices), and shall pay for services, directly to the monitoring company;
- Defendant shall submit to periodic or random unannounced searches of his computer(s), storage media, cellular telephones and/or other electronic or internet-capable device(s)

performed by the Supervising Officer.  This may include the retrieval and copying of any prohibited data.  Or, if warranted, the removal of such system(s) for the purpose of conducting more comprehensive searches;
- Defendant shall not operate any website or use the U.S. States Postal Service or any private or commercial interstate carrier without permission of the Supervising Officer;
- Defendant shall not reproduce, distribute or aid and abet any other person in the reproduction and distribution of any copyright-protected motion picture or any other copyright-protected work without the written permission of the copyright owner;
- Defendant shall provide the pretrial services office with access to any requested financial information, including access to all credit card, credit union and bank accounts;
- Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Supervising Officer;
- Defendant shall not consume any alcohol;
- Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or Supervising Officer;
- Defendant shall submit to testing with a remote alcohol monitoring device that measures breath alcohol content for the term of his release; tests not to exceed 5 tests per day;
- Defendant shall pay/co-pay for alcohol monitoring services, directly to the monitoring company, to the
Supervising Officer's satisfaction; and
- Defendant shall avoid all contact, directly and indirectly, with any person who is or may be a victim or a witness in the investigation or prosecution and any customer who purchased a DVD from the Defendant as well as the copyright owner of any motion picture which has been duplicated or advertised for sale by the Defendant.

**WHEREFORE**, for the reasons set forth above, the United States of America respectfully requests that this Honorable Court enter an order for pretrial detention of the Defendant.

Dated at Bangor, Maine this 30th day of January, 2019.

Respectfully submitted,

HALSEY B. FRANK
UNITED STATES ATTORNEY

**BY:  /s/ JAMES M. MOORE**

JAMES M. MOORE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

  I hereby certify that on January 30, 2019, I electronically filed the Government's Motion for Detention with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  Stephen C. Smith, Esq., at ssmith@lipmankatz.com

            HALSEY B. FRANK
            UNITED STATES ATTORNEY

            BY: /s/  James M. Moore

            James M. Moore
            Assistant U.S. Attorney
            U.S. Attorney's Office
            202 Harlow Street
            Suite 111
            Bangor, Maine  04401
            Tel:  207-945-0373
            Jim.moore@usdoj.gov