UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA)
)
v.                      )      1:19-cr-00007-JAW
)
DOUGLAS GORDON          )

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE
THAT EXHIBITS QUALIFY AS ADMISSIBLE RECORDS
UNDER RULE 803

NOW COMES the Defendant, by and through undersigned counsel, and states as follows:

At the outset the Defendant agrees that the Government has laid out the proper and necessary law for the determination of these matters.  Some exceptions will be noted as to specific exhibits.  The Defendant applies that law to each of the Government's listed exhibits as follows:

**Exhibit 1 – Bancorp Transaction Records**

The Defendant objects to the admission of Bancorp records as tendered by the Government for the reason that the Government must be able to show some foundational predicate as to what Bancorp is.  Defendant believes the Government intends to present a Government agent to explain the nature of Bancorp's business and the meaning of various entries in the Bancorp records.  The Defendant does not believe that the Government should be able to do this through a Government agent.  The Defendant, in theory, would not object to these records as authentic business records, but seeks to avoid

an exercise in which a Government agent steps into the shoes of a Bancorp executive and testifies as to the nature of Bancorp's business and the meaning of various entries within the proffered documents.  The Defendant asserts that this approach would be an improper use of any business records exception.  Undersigned counsel has no idea what Bancorp may be or how it is connected to this case; and even if the Government were to provide some additional filing with the Court, the Government would be requesting the acceptance its proffered testimony in lieu of a proper witness with foundational knowledge.

### Exhibit 2 – Bangor Savings Bank Authorization Resolutions

The defense agrees that Exhibit 2 is an authentic business record.  The Defendant agrees that these are business records pursuant to the various rules, but reserves all other potential objections, including but not limited to relevance.

### Exhibit 3 – Bangor Savings Bank Check Deposit Copies

While the Defendant agrees that a properly defined exhibit of check deposit records could be a business record, the problem with this specific exhibit is that the exhibit is ill-defined.  It is unclear what the parameters of this exhibit are, what the date range of documents included is, and whether the records are complete or a selected portion of records and how, if less than the full range of documents within the request, the documents included within the exhibit were selected.  The Defendant respectfully suggests that sufficient foundation testimony will be required as to the provenance of this exhibit that it is simply meaningless to agree that it should be admitted independent of such foundational testimony.

## Exhibit 4 – Bangor Savings Bank Summary of Accounts

The Defendant does not object to the document offered as Government's Exhibit 4 on authentication issues but does object to the Government proffering a Government agent to explain what these documents mean.  To the extent not raised elsewhere with other exhibits, the Defendant anticipates that the Government will offer its agents to explain the meaning of various entries on the exhibit.  The Defendant intends to object to such testimony on foundational grounds even as it agrees that the document is an authentic business record.

## Exhibit 5 – Bangor Savings Bank Checking Account Withdrawals

The Defendant does not object to the document offered as Government's Exhibit 4 on authentication issues but does object to the Government proffering a Government agent to explain what these documents mean.  To the extent not raised elsewhere with other exhibits, the Defendant anticipates that the Government will offer its agents to explain the meaning of various entries on the exhibit.

## Exhibit 6 – Better Business Bureau Complaints

The Defendant objects to the admission of the Better Business Bureau complaints. These documents are really hearsay complaints from allegedly dissatisfied customers. For example, page 2 of Government Exhibit 6 (the first substantive page of the exhibit) presents the complaint of an unnamed customer which appears to have been mailed or e-mailed and which contains the alleged customer's verbatim complaint about a purchase from www.lostmoviesfound.com.  While the Defendant appreciates that these records

might be regularly kept in the course of Better Business Bureau's business, but the Government should not be allowed to circumvent the hearsay rules accordingly.

Rule 803 Fed.R.Evid. 8036 should not apply to subjective statements. As the Government notes, "under the rule, records kept in the course of regularly conducted activity are admissible unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Memorandum of the Government, Page 3*, citing United States v. Patterson*, 644 F.2d 890, 900 (1st Cir. 1981), *et al.* Customer complaints, even if recorded as part of BBB's regular activities are themselves subjective and not capable of an objective determination of "trustworthiness" absent the ability to probe the complainant. It does not take expert legal analysis to suggest anyone can say anything on the Internet. Making such statements a "business record" is not indicia of reliability.

The Government cites *United States v. Southland*, 209 F.Appx. 656, 658 (9th Cir. 2009), and *United States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985) for the proposition it can make use of the BBB records to show the Defendant was notified of the complaints. Even assuming the 1st Circuit agreed with this analysis, the records proffered by the Government are problematic in at least two respects. First, the records contain verbatim subjective commentary by alleged complainants which are hearsay and offered for their truth.

Second, the comments are more prejudicial than probative under Fed.R.Evid. 403. For example, on page 7 of the proffered exhibit, one customer notes:

"This business needs to go out of business due to scam and fraud of customers who just wanted to purchase DVDs.  This company has apparently done this to tons of customers due to the long list of complaints.  I have also tried for weeks to get in contact via phone and e-mail with no response.  All the complaints are the same.  Your credit card gets charges, but you receive nothing and you can't get in contact with no one.  Please put an end to this scam business so innocent people stop getting scammed.  These people should be ashamed of themselves for taking people's money like thieves.  You should be convicted for what you have done.  Remember he is watching you, every time you scam people he knows you will have to answer to him in the end for all your sins.  God Bless." (certain internal grammatical quirks not included).

This particular complaint does not show any notice to the Defendant, which is true of the exhibit as a whole; some entries contain indicia that the Defendant was noticed and/or responded, others like the above-referenced complaint do not.   In any event, it is important to note in *Chavis* that the defendant presented an affirmative defense of "good faith" or lack of intent.  The Defendant in this case has put forward, at least at this time, no such defense.  A review of the *Chavis* case suggests that the Government presented the BBB records *in rebuttal* which further distinguishes it from the case at hand.

### Exhibit 7 – Charter Communications

The Defendant agrees that the proffered exhibit is an authentic business record but anticipates objecting to interpretation of the exhibit by a Government agent.

### Exhibit 8 – CitiBank NA Credit Card Statement

The Defendant objects to this Exhibit 8 as it is redacted, does not seem to pertain to the Defendant and does not provide to the Defendant any information as to what was requested or even what is being offered.  The name and account number on the document has been redacted and this deficiency has been previously pointed out to the Government and has not been corrected.

**Exhibit 9 – Columbia Broadcasting System Notices of Copyright and Infringement**

The Defendant objects to Government's Exhibit 9.  Although the certificate dated February 12, 2019, certifies that the document is a business record, the Defendant notes that it has been provided with a February 12, 2019, letter from the same person certifying the record further stating that:

> "Charter's billing and customer records from which the above information is obtained are subject to human error and Charter cannot always guarantee the accuracy of such records.  You should not rely solely on this information and should always independent corroborate the information Charter provides with other information you have concerning the identity of the individual."

The Defendant asserts that this qualification of the record custodian sufficiently calls into the question the accuracy of the business record such that it should not be admitted without further foundational testimony and analysis.  The Defendant further objects to any Government agent testifying as to the meaning of any particular aspect of the proffered business record.

**Exhibit 10 – Eastern Maine Healthcare Systems Job Application**

Without waiving any other objection, the Defendant concedes that Government's Exhibit 10 is a proper business record.  The Defendant reserves the rights to object to this exhibit on all other grounds, including but not limited to, relevance.

**<u>Exhibit 11 – Google LLC, Subscriber Information, Customer Confirmations, Messages From and To Customers, Google Alerts</u>**

The Defendant objects to the 35,000 page exhibit.  Assuming, arguendo, that the attached records come from Google, they might properly be authentic business records within the meaning of the rules suggested by the Government.  Having said that, this exhibit is so problematic that it should not be allowed.  First, the Defendant anticipates that the Government will attempt to use a Government agent to explain the meaning of various entries within the exhibit.  The Government has not identified, despite the observation and request of defense counsel, any computer expert or other individual with knowledge besides a Government agent who could possibly interpret these voluminous computer records.  To the extent the Government intends to use any aspect of Government's Exhibit 11, the Government should be required to specify particular entries and the particular purpose for which the entry is being offered, what, if any, relevance there may be to the case; and finally, how the Government intends to present this testimony to the jury.

While the Defendant notes that the proffered records contained within Exhibit 11 might qualify as business records, the Defendant anticipates objecting to their relevance.  Contained within the documents are various suggestions that the recipient of various e-mails never responded to the e-mails, never acknowledged getting the e-mails, and there is no proof that e-mails were ever received by the intended recipient.

**Exhibit 12 – Green Dot Bank Cardholder Information**

The defense agrees that Exhibit 12 is an authentic business record.  The Defendant reserves the rights to object to this exhibit on all other grounds, including but not limited to, relevance.

**Exhibit 13 – Neustar, Inc. Subscriber Information**

This document is problematic on its face.  The declarant is a Louis Benevides, an employee of Neustar who, for reasons unknown, is in "receipt of an administrative subpoena served on Fairpoint Communications".  The connection between Neustar and Fairpoint is unclear from the certification.  The Defendant does not believe that the connection between Neustar and Fairpoint is sufficiently clear to allow an apparently unrelated entity to certify the records of another entity.  The Government should not be allowed to use the business record exception to bless this unholy union.

**Exhibit 14 – PSI Systems**

The Defendant agrees that the PSI Systems records are authentic business records, although as referenced elsewhere the Defendant reserves all other objections and specifically objects to the use of a Government agent to interpret the records.

**Exhibit 15 – Square (Weebly) Subscriber Information**

The Defendant does not agree that Government's Exhibit 15 is an authentic business record.  No certification pursuant to the rule is attached and the document appears to be a creation of the Government.  The Defendant further objects to a Government agent testifying as to the meaning of any particular entry in this exhibit.

**Exhibit 15A - Spreadsheet**

The Defendant does not agree that Government's Exhibit 15 is an authentic business record.  No certification pursuant to the rule is attached and the document appears to be a creation of the Government.  The Defendant notes that this spreadsheet does not appear to be part of the original certification and instead appears to be an analysis by the Government which may or may not be based on data provided by Square, but which is not part of Square's certification.

**Exhibit 15B - Spreadsheet**

The Defendant does not agree that Government's Exhibit 15 is an authentic business record.  No certification pursuant to the rule is attached and the document appears to be a creation of the Government.  The Defendant notes that this spreadsheet does not appear to be part of the original certification and instead appears to be an analysis by the Government which may or may not be based on data provided by Square, but which is not part of Square's certification.

**Exhibit 15C – Account Dossier**

The Defendant agrees that a portion of Government's Exhibit 15C is an authentic business record.  The Defendant, however, objects to a Government agent testifying as to the meaning of any particular entry in this exhibit.  The Defendant notes that on this exhibit there is a document entitled "An Account Dossier" which does not seem to pertain at all to the case at hand.  It seems the Government will attempt to use this portion of the document to have a Government agent explain to the jury the meaning behind the last page of the document.  This is not a proper use of the business records exception and

whatever the Government or Court may think of the admissibility and authenticity of the last page of Exhibit 15C (marked in the documents themselves as Exhibit 16), the Defendant objects to the propriety of a Government agent interpreting a chart which in and of itself purports to provide some interpretive value but which in actuality is unclear and which is not itself a "business record". Even if it were clear, the Defendant objects to a Government agent interpreting this document for the jury.

### Exhibit 16 -  Square Account and Subscriber Information

The Defendant agrees that Government's Exhibit 16 is an authentic business record. The Defendant, however, objects to a Government agent testifying as to the meaning of any particular entry in this exhibit.

### Exhibit 17 – Stripe, Inc. Subscriber Information

The Defendant agrees that Government's Exhibit 17 is an authentic business record. The Defendant, however, objects to a Government agent testifying as to the meaning of any particular entry in this exhibit.

### Exhibit 17A – Stripe, Inc. Spreadsheet

The Defendant objects to Government's Exhibit 17A for the reason that it is not certified properly. To the extent the Government suggests that 17A is certified under the certification in Exhibit 17, the certification on Exhibit 17 does not contain sufficient information for the Defendant to determine the connection. The Defendant notes that this spreadsheet does not appear to be part of the original certification and instead appears to be an analysis by the Government which may or may not be based on data provided by Stripe, but which is not part of Stripe's certification.

**Exhibit 17B – Stripe, Inc. Spreadsheet**

The Defendant objects to Government's Exhibit 17B for the reason that it is not certified properly.  To the extent the Government suggests that 17B is certified under the certification in Exhibit 17, the certification on Exhibit 17 does not contain sufficient information for the Defendant to determine the connection.  The Defendant notes that this spreadsheet does not appear to be part of the original certification and instead appears to be an analysis by the Government which may or may not be based on data provided by Stripe, but which is not part of Stripe's certification.

**Exhibit 18 – Text Now, Inc. Mobile Cell Phone Service Subscriber Information**

The Defendant objects that the record does not seem to pertain to the Defendant and is redacted in such a way that the Defendant cannot determine who the record may refer to.  The Defense is unfamiliar with "Lucas Knight".  The Defense agrees this exhibit may be an authentic business record but cannot determine its relevance.  As above, the Defendant objects to a Government agent interpreting these records even if the Court finds that they are, in fact, proper business records.

**Exhibit 19 – United Parcel Service Store Application for Delivery, Mailbox Agreement and Receipts**

The Defendant agrees that these documents may be business records.  The Defendant does not agree that a Government agent is the proper witness to ascribe meaning to the documents contained therein.

**Exhibit 20 – Yahoo, Inc. Account Management Tool, Messages From and To Customers**

The Defendant objects to this exhibit.  While the exhibit might be a business record, to the extent the exhibit contains verbatim complaints from other individuals outside of Yahoo's organization complaining about the Defendant or persons or entities associated with the Defendant, the danger is that the jury might take these subjective complaints as true and that such complaints will be lent an air of authority by their admission as an exhibit.  Making unverified Internet "complaints" a business record does not thereby  translate this lead into evidentiary gold.  The Defendant further objects to a Government agent testifying as to the meaning of the information contained in the Yahoo exhibit.

**Exhibit 20A – Yahoo, Inc. E-Mail Orders**

The Defendant objects to this exhibit.  While the exhibit might be a business record, to the extent the exhibit contains verbatim complaints from other individuals outside of Yahoo's organization complaining about the Defendant or persons or entities associated with the Defendant, the danger is that the jury might take these subjective complaints as true and that such complaints will be lent an air of authority by their admission as an exhibit.  The Defendant further objects to a Government agent testifying as to the meaning of the information contained in the Yahoo exhibit.

## Exhibit 21 – City of Brewer Property Assessment Record

The Defendant does not object to the admission of the Government's Exhibit 21 but does object to a Government agent testifying as to the meaning of any particular aspect of Exhibit 21.

## Exhibit 22 – CAFRA Seized Asset Claim Form

The Defendant does not object to the authenticity of this document but does not waive any other objection.

## Exhibit 23 – Internet Crime Complaint Center Complaints

The Government suggests that the public records exception applies and that Rule 803 § 8 provides the following is not excluded by the hearsay rule, in relevant part:

"(8) Public Records.  A record or statement of a public office if:

> A.   It sets out:
>
> > (i)  the office's activities;
> > (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personnel; or
> > (iii) in a civil case where against the government in a criminal case, factual findings from a legally authorized investigation . . ."

The Government puts forth, among other things, Exhibit 23 and 24 as falling within the public records exception, except that on their face, they do not.  The records might arguably set out the office's activities, but do not set out matters which the reporter had a legal duty to report.  The complaints in Government Exhibits 23 and 24 are optional and discretionary consumer complaints, not matters under which people were

legally bound to report to the Government, nor were these matters observed by law enforcement personnel.  A law enforcement office merely collated reports by civilian third persons.  The Government's assertions here must fall for the same reason that the hearsay exceptions based on indicia of reliability in some circumstances do not make cranky Internet complaints reliable simply because the Government decides to make them a "business record".

### Exhibit 24 – Maine Attorney General Civil Investigative Demand Complaints, Consumer Data Entry, Letters

The Government suggests that the public records exception applies and that Rule 803 § 8 provides the following is not excluded by the hearsay rule, in relevant part:

"(8) Public Records.  A record or statement of a public office if:

A.      It sets out:

(i)  the office's activities;
(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personnel; or
(iii) in a civil case where against the government in a criminal case, factual findings from a legally authorized investigation . . ."

The Government puts forth, among other things, Exhibit 23 and 24 as falling within the public records exception, except that on their face, they do not.  As the records arguably set out the office's activities, but do not set out matters which the reporter had a legal duty to report.  The complaints in Government Exhibits 23 and 24 are optional and discretionary consumer complaints, not matters under which people were legally bound to report to the Government, nor were these matters observed by law enforcement

personnel, rather a law enforcement office merely collated reports by civilian third persons.  The Government's assertions here must fall for the same reasons as Exhibit 23.

### Exhibit 25 – Maine Maritime Academy Resume and Employee Enrollment Form

The Defendant does not object to Government's Exhibit 25 on grounds of authenticity.  The Defendant anticipates objecting to a Government agent testifying as to the meaning of any aspect of this exhibit.

### Exhibit 26 – U.S. Postal Service Post Office Box Application

The Defendant agrees that these documents may be business records.  The Defendant does not agree that a Government agent is the proper witness to ascribe meaning to the documents contained therein.

### Exhibit 27 – U.S. Copyright Office Certificates of Copyright Registration

The Government attempts to import various rulings of a civil nature into the criminal context.  The Defendant suggests that this is the use of self-authenticating doctrine as it pertains to certificates of copyright registration are ill-advised as applies to a criminal case with their vastly different proof standards.

The Defendant notes that the Government has included within Exhibit 27 a wide variety of documents.  Without being exhaustive, the Defendant points out that documents 9893 showing an effective date of registration of 1989, and a date of creation of 1982, which is outside of the five years referenced by Section 410(a) of Title 17, *United States Code* as referenced by the Government on page 13 of its motion.  Because

the certificate of registration was not issued within five years of the date of creation, it should not be considered *prima facia* evidence pursuant to that statute.

Another type of documentation consists of e-mails between Agent Loren Thresher and something called the ILS System which is not a certification, but rather simply e-mail communication of a hearsay nature from an agent to a source. Other types of documents may be contained within this exhibit which would be inappropriate and confusing to label broadly as certificates of copyright registration.

The Government should be required to mark these exhibits individually so as to avoid confusion and a mixing of analysis required as to admissibility. For example, the Defendant would not be in a position to object on authentication grounds to the document contained at page 00009893 because this is quite clearly a certificate of copyright registration made within five years of a date. Given the mixture of documents in this exhibit, the Defense must simply object to the whole exhibit.

### Exhibit 28 – U.S. Copyright Office Certificate of Non-Existence

The Defendant does not object to the authenticity of this document but reserves all other objections.

### CONCULSION

While the Defendant agrees the Government's responsibility to proffer certain business records as a general rule, and the Defendant has sought to make reasonable accommodations to the Government on various exhibits noted above, the Defendant's primary concern is that the Government will seek to leverage the Court's ruling on the

authenticity of any particular records as meaning that a case agent can testify as the *meaning* of any particular record.

DATED:____June 26, 2019_____          s/Stephen C. Smith_____
                                                                      Stephen C. Smith   Bar No. 8720
                                                                      Attorney for Defendant
                                                                      LIPMAN & KATZ
                                                                      PO Box 1051
                                                                      Augusta, ME 04332-1051
                                                                      207-622-3711
                                                                      *ssmith@lipmankatz.com*

## CERTIFICATE OF SERVICE

I, Stephen C. Smith, hereby certify that the foregoing Defendant's Response to Government's Motion in Limine that Exhibits Qualify as Admissible Records under Rule 803 has been electronically sent to AUSA James M. Moore for the Office of the United States District Attorney on this 26th day of June, 2019.

James M. Moore, AUSA
jim.moore@usdoj.gov

DATED:  June 26, 2019___          s/Stephen C. Smith_____
                                                        Stephen C. Smith   Bar No. 8720
                                                        Attorney for Defendant
                                                        LIPMAN & KATZ