UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
)
v. ) 1:19-cr-00007-JAW
)
DOUGLAS GORDON )

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* FOR DETERMINATION THAT RECORDED VOICEMAIL MESSAGES ARE ADMISSIBLE AS EVIDENCE THAT THE DEFENDANT WAS PLACE ON NOTICE

NOW COMES Douglas Gordon ("Defendant") by and through his undersigned counsel, and hereby OPPOSES the Government's Motion *in Limine* for a determination that recorded voicemail messages are admissible as evidence. For the reasons stated below, as *all* of the voicemail messages occurred outside of the timeframe in the superseding indictment, and as the unfair prejudice that will accrue to Defendant by admission of the voicemail messages far outweighs their probative value and constitute the presentation of unnecessarily cumulative evidence under Fed. R. Evid. 403, this Honorable Court should deny the Government's Motion and preclude admission of the voicemail messages.

**I.   BACKGROUND**

The relevant facts underlying this Motion can be briefly stated as follows:

On or around April 17, 2019, the Government filed its Superseding Indictment, which alleges, in Count I) Criminal Copyright Infringement from January 21, 2014 through June 3, 2014; in Count II) Criminal Copyright Infringement from July 12, 2016 through

December 30, 2016; and in Count III) Mail Fraud Scheme and Artifice, from April 2014, through January 2019.  Superseding Indictment at 1-3.

By virtue of its Motion dated August 12, 2019, the Government seeks to admit evoicemail messages that were allegedly sent to Defendant from June 26, 2012, through January 8, 2014.  *See* Gov't. Ex. 5.

## II. ARGUMENT

### A. Even Assuming that the Voicemail Messages are not hearsay and are not inadmissible under Fed. R. Evid. 403, because the voicemail messages all occurred outside of the timeframes in the superseding indictment, they should be excluded from evidence.

In this case, the Defendant objects and opposes the admission of the voicemail, or evociemail messages, that the Government seeks to admit, because all of the voicemail messages occurred outside of the timeframes listed in the superseding indictment.  The latest voicemail or evoicemail message offered by the Government has a date of January 8, 2014, or thirteen days before the earliest date listed in the superseding indictment, January 24, 2014, which is referenced in Count I.  Count II alleges conduct that took place from July 12, 2016, through December 30, 2016, or far removed from the time of the voicemail messages in issue.  Finally, Count III alleges conduct "[a]t all times relevant to this indictment," and further states that "[f]rom about April, 2014 to about January, 2019. . ."  Superseding Indictment at 2-3.  Accordingly, *all* of the voicemail messages took place before all of the dates listed in the indictment.

The Government, by virtue of its Motion, is attempting to improperly utilize evidence outside of the timeframes in the indictment to prove Defendant's conduct during

those timeframes. In this way, the Government is seeking to circumvent the applicable statute of limitations, which for copyright infringement, and mail fraud, is five years. *See* 17 U.S.C. § 507(a) ("no criminal proceeding shall be maintained under the provisions of this title unless it is commenced within 5 years after the cause of action arose."); 18 U.S.C. § 3282 ("no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."). Therefore, the Government's Motion improperly seeks to admit evidence barred by the statute of limitations to prove Defendant's conduct and culpable mental state. For these reasons, this Honorable Court should deny the Government's Motion and preclude admission of the evidence.

> **B. The Voicemail Messages are Unfairly Prejudicial to Defendant, Because many of the Declarants Improperly Opine Regarding the Illegality Defendant's Business and Films, and Said Unfair Prejudice Far Outweighs any Probative Value that the Messages Contain.**

In the event that this Honorable Court declines to preclude admission of the voicemail messages because the messages took place outside of the time frames in the superseding indictment, the messages should still be prohibited under Fed. R. Evid. 403, which states the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . or needlessly presenting cumulative evidence. " *See also U.S. v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) ("it is only unfair prejudice which must be avoided. . . [w]e stress 'unfair' because 'by design, all evidence is meant to be prejudicial.'").

In this case, many of the voicemail, or evoicemail, messages contain a statement along the lines of "what you guys are doing. It's pretty much illegal so you need to call me back . . . ." *See, e.g.*, Gov't. Ex. 5 at 2 (Bates numbered 00040219). The Government now seeks the admission of these inflammatory messages stating that they are not being offered for their truth, but that they put the Defendant "on notice regarding his unauthorized reproduction of movies and his fraudulent website representations regarding DVDs that he offered to sell to customers." Gov't. Mot. at 1.

The admission of the messages would allow the jury to see repeated statements alleging that Defendant illegally downloaded movies. The declarants have zero foundation to opine on the legality of the films in question, and the Government has provided no basis for this Court to find that these messages legally put the Defendant on notice that his actions were violations of the movies' respective copyrights. Accordingly, these messages could not have put the Defendant "on notice" that his actions were illegal, because these complaints were just that, complaints from dissatisfied customers about the product and services they received, not legal notice that Defendant's business practices were illegal.

For these reasons, the Court should reject the Government's assertion that these messages are offered to show that the Defendant was "on notice," but to the extent this Court is included to find that the messages are non-hearsay evidence and offered for a permissible purpose, this Court should find that the unfair prejudice that will accrue to Defendant by admission of the evidence far outweighs any probative value of the statements, and that the messages needlessly present cumulative evidence.

These messages unfairly prejudice the Defendant, because they allow the jury to see repeated statements from consumers that Defendant illegally downloaded or reproduced films, when said declarants are not qualified to make such statements. Any curative instruction that the messages are to be solely utilized to show the Defendant was on "notice" are also inadequate, because of the inflammatory nature of the statements.

Moreover, the significance that Defendant was "on notice" appears to be relevant solely to Count III of the Superseding Indictment, where the Government alleges:

> The Defendant well knew as a result of notification received from copyright owners and others that burned DVD copies of motion pictures were reproduced and distributed without authorization. The Defendant also well knew as a result of complaints received from customers that he had obtained their money by means of fraudulent pretenses, representations, promises, and omissions of material fact.

Superseding Indictment at 3. However, the Government admits in the Superseding Indictment that Defendant was *already* placed on notice by copyright owners "and others"[1] that the films were allegedly reproduced without authorization. Therefore, and for the reasons mentioned above, in the event this Court finds the messages to be permissible non-hearsay, the messages should be excluded under Fed. R. Evid. 403 as unfairly prejudicial, and as needlessly presenting cumulative evidence.

---

[1] It is important to note that the reference to "and others" does not appear to be to a reference to the consumer declarants in the messages in issue, because the very next sentence of the Superseding Indictment references the consumer complaints.

DATED:   September 3, 2019                    s/Stephen C. Smith
                                              Stephen C. Smith   Bar No. 8720
                                              Attorney for Defendant
                                              LIPMAN & KATZ
                                              PO Box 1051
                                              Augusta, ME 04332-1051
                                              207-622-3711
                                              *ssmith@lipmankatz.com*

CERTIFICATE OF SERVICE

I, Stephen C. Smith, hereby certify that the foregoing Defendant's Opposition to Government's Motion in Limine that Exhibits Qualify as Admissible Records under Rule 803 has been electronically sent to AUSA James M. Moore for the Office of the United States District Attorney on this 3rd day of September, 2019.

James M. Moore, AUSA
jim.moore@usdoj.gov

DATED:  September 3, 2019                     s/Stephen C. Smith
                                              Stephen C. Smith   Bar No. 8720
                                              Attorney for Defendant
                                              LIPMAN & KATZ