UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:19-cr-00007-JAW |
| v. | ) | |
| | ) | |
| DOUGLAS GORDON | ) | |

**SUPPLEMENTAL ORDER ON MOTION IN LIMINE**

On September 11, 2019, the Court issued a comprehensive order on the Government's Motion in Limine for Determination that Exhibits Qualify as Admissible Records Under Rule 803, granting in part and denying in part the motion. *Order on Gov't's Mot. in Limine for Determination that Exs. Qualify as Admissible Rs. Under Rule 803* (ECF No. 86) (*Order*). When Mr. Gordon objected to Special Agent Loren Thresher as an "other qualified witness" under Federal Rule of Evidence 803, the Government proffered Special Agent Thresher as a qualified witness:

> Agent Thresher can describe in general how Bancorp identifies each customer's account and how the company's record-keeping system makes entries noting deposits and expenditures within such accounts.

*Reply of the United States to the Def.'s Resp. to Gov't's Mot.* in Limine *for Determination that Exs. Qualify as Admissible Rs.* at 9-10 (ECF No. 65). In its September 11, 2019, order, the Court described the standard for Special Agent Thresher to be permitted to testify as an "other qualified witness":

> A witness does not need to have personally participated in or observed the creation of the record; the witness is qualified if he or she has enough familiarity with the record-keeping system of the entity to understand and explain how the record came into existence.

*Order* at 22.

However, at the September 30, 2019, hearing, in addressing the Government's Exhibit One involving the transaction records of Bancorp, Special Agent Thresher admitted that he had "no familiarity" with Bancorp's recordkeeping system. After some discussion, the Assistant United States Attorney acknowledged that Special Agent Thresher's testimony would be similar for each proffered business record. Accordingly, the Court concludes that Special Agent Thresher is not an "other qualified witness" for purposes of the admission of any of the exhibits subject to the Government's June 3, 2019, motion in limine.

As the Court indicated, if the Government wishes to admit business records, the Rules of Evidence provide two ways to admit those records. First, the Government may present a certificate of authenticity under Rule 902 and second, the Government may present a "custodian or other qualified witness" under Rule 803. Rule 902(11) provides:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

FED. R. EVID. 902(11). In its motion, the Government produced several certificates of authenticity and the Court reviewed them. *See, e.g.*, *Gov't's Mot.* in Limine *for Determination that Exs. Qualify as Admissible Rs. under Rule 803*, Attach. 2, *Cert. of Authenticity of Business Rs. (Pursuant to Maine Rules of Evid. 803(6) and 902(11)*

(ECF No. 59). The Court agrees with the Government that the certificates of authenticity it attached to the exhibits to its motion comply with Rule 902(11).

This does not end the discussion. Even though the Government presented certificates of authenticity that comply with Rule 902(11), the Rule requires that the domestic record "meets the requirements of Rule 803(6)(A)-(C)." FED. R. EVID. 902(11). To meet these requirements, the Government must demonstrate that the standards of the Rule apply. FED. R. EVID. 803(6)(A)-(C). From what has been presented, the Court agrees with the Government that the proffered records facially meet the requirements of Rule 803(6)(A)-(C). However, Rule 803(6) also provides that the business record is admissible if:

> the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

FED. R. EVID. 803(6)(E). Mr. Gordon objected to Exhibits Fifteen, Fifteen-A, Fifteen-B, Seventeen-A, and Seventeen-B on the ground that they are creations of the Government rather than what the certifications purport them to be. *Def.'s Resp. to Gov't's Mot. in Limine that Exhibits Qualify as Admissible Rs. Under Rule 802* at 8-10 (ECF No. 62).[1] As explained in the Court's September 11, 2019, order, the Court did not view Mr. Gordon's objections to Exhibits Fifteen, Fifteen-A, or Fifteen-B as

---

[1] Mr. Gordon also objected to Exhibits Six, Twenty, Twenty-A, Twenty-Three, and Twenty-Four on the ground that they contain subjective information that indicates a lack of trustworthiness pursuant to Rule 803(6)(E). *Id.* at 3-4, 12-15. Given the Court's instructions to the Government during the pretrial conference on September 23, 2019, and the hearing on September 30, 2019, regarding customer emails and complaints, the Court does not view these exhibits as raising issues of trustworthiness, but reserves final judgment on the matter pending their introduction at trial.

3

raising issues of trustworthiness. *Order* at 25-37. The Court reserved judgment on Exhibits Seventeen-A and Seventeen-B based on Rule 803(6)(E) concerns, which will be addressed separately in response to the Government's supplemental motion. *Gov't's Suppl. Mot.* in Limine *for Determination that Exs. 17, 17A and 17B Qualify as Admissible Rs. Under Rule 803(6)* (ECF No. 114).

Although the federal prosecutor vociferously objected to the notion that Mr. Gordon had a right to object to the admission of an exhibit at trial on a basis that he could have raised, but did not, in response to the Government's motion in limine, the Government will have the burden to demonstrate that the Court should apply waiver principles to Mr. Gordon's failure to object to the motion in limine on whatever ground he asserts at trial.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2019