UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA     )
                             )     1:19-cr-00007-JAW
     v.                      )
                             )
DOUGLAS GORDON               )


ORDER ON GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE FOR DETERMINATION THAT EXHIBITS 17, 17A, AND 17B QUALIFY AS ADMISSIBLE RECORDS UNDER RULE 803(6)

In anticipation of trial on charges of criminal copyright infringement and mail fraud, the United States (Government) moves in limine for a pre-trial ruling on the admissibility of certain trial exhibits under Federal Rule of Evidence 803(6). The Court concludes that one of the proffered exhibits is authentic and admissible, but it defers judgment on two other exhibits because the record does not reflect who made the exhibits.

I.    BACKGROUND

On June 3, 2019, the Government filed a motion in limine to determine whether certain exhibits qualify as admissible records under Rule 803 of the Federal Rules of Evidence. *Gov't's Mot.* in Limine *for Determination that Exs. Qualify as Admissible Rs. Under Rule 803* (ECF No. 59) (*Gov't's Mot.*); *Gov't's Mot.*, Attachs., Exs. 1-10; *Additional Attachs.*, Attachs., Exs. 11-18 (ECF No. 60); *Additional Attachs.*, Attachs., Exs. 19-28 (ECF No. 61). On June 28, 2019, Douglas Gordon filed his response to the Government's motion in limine. *Def.'s Resp. to Gov't's Mot.* in Limine *that Exs. Qualify as Admissible Rs. Under Rule 803* (ECF No. 62) (*Def.'s*

*Opp'n*). On July 12, 2019, the Government filed its reply. *Reply of United States to Def.'s Resp. to Gov't's Mot. in Limine for Determination that Exs. Qualify as Admissible Rs.* (ECF No. 65) (*Gov't's Reply*).

The Court ruled on the Government's motion on September 11, 2019. *Order on Gov't's Mot. in Limine for Determination that Exs. Qualify as Admissible Rs. Under Rule 803* (ECF No. 86) (*Order*). In the order, the Court reserved judgment on Exhibits Seventeen-A and Seventeen-B due to Federal Rule of Evidence 803(6)(E) trustworthiness concerns. *Id.* at 32. During the final pretrial conference on September 23, 2019, the Government noted that it had inadvertently failed to supply the Court with Exhibit Seventeen in its original motion in limine. *See Final Pretrial Order* at 3 (ECF No. 115). The Government filed Exhibit Seventeen, along with a supplemental motion in limine, on September 27, 2019. *Gov't's Suppl. Mot. in Limine for Determination that Exs. 17, 17A and 17B Qualify as Admissible Rs. Under Rule 803(6)* (ECF No. 114) (*Gov't's Suppl. Mot.*); *Gov't's Suppl. Mot.*, Attach., Ex. 17. Mr. Gordon filed a response to the supplemental motion on September 30, 2019. *Def.'s Resp. to Gov't's Suppl. Mot. in Limine for Determination that Ex. 17, 17A, and 17B Qualify as Admissible Rs. Under Rule 803(6)* (ECF No. 120) (*Def.'s Resp.*).

## II.  PARTIES' POSITIONS

The Government argues that "Exhibit Numbers 17, 17A and 17B are authentic and are, subject to determinations of relevance, admissible evidence at trial within the meaning of the Federal Rule of Evidence 803(6) hearsay rule exception." *Gov't's Suppl. Mot.* at 1. The Government explains that Exhibit Seventeen is "a disk

produced by Stripe, Inc. on March 10, 2017 which includes subscriber information and payment information in the form of Excel spreadsheets." *Id.* "Stripe, Inc. is a software and credit card processing company used by the Defendant to receive payments over the Internet for purchases of DVD movies." *Id.* The Government further explains that "Exhibits 17A and 17B are parts of the payment information spreadsheet which show DVD orders from July, 2016 to December, 2016 for the movies *Babes in Toyland* and *The Night They Saved Christmas* in support of Count 2." *Id.* It is the Government's position that by providing the disk containing "the entire spreadsheets certified as authentic by the Stripe, Inc. custodian" that was missing from the original motion in limine, "it has satisfied the requirements of establishing that Exhibit Numbers 17A and 17B were made by Stripe, Inc. in the course of its regularly conduced business activity." *Id.* at 2. Thus, according to the Government, "the certificate of authenticity [obtained from Stripe, Inc.] previously submitted to the Court meets the Rule 803(6) requirements" and Exhibits Seventeen, Seventeen-A, and Seventeen-B should be admissible. *Id.* at 2-3.

Mr. Gordon "requests the Court refrain from ruling on the [supplemental motion in limine] until sufficient foundation is provided by the Government." *Def.'s Resp.* at 1. He argues that "[i]t remains unclear . . . whether Exhibit 17A and 17B were made by Stripe or if they were compiled by the Government based upon the records received from Stripe." *Id.* at 2. Due to this uncertainty, Mr. Gordon asserts, "the Court should hear further foundational testimony before admitt[ing] these records into evidence to the extent these were provided by Stripe." *Id.* If the

Government "compiled [the spreadsheets] based on what Square[1] has provided to the Government," Mr. Gordon argues, "the Government should be forced to offer Exhibit 17A and 17B as summary charts." *Id.*

**III. DISCUSSION**

The Court concludes that Exhibit Seventeen is authentic and admissible under Federal Rule of Evidence 803(6), subject to a determination of relevance. The Court is now satisfied that the spreadsheets in Exhibits Seventeen-A and Seventeen-B are parts of the payment information contained in Exhibit Seventeen. However, it remains unclear whether Stripe, Inc. or the Government compiled the spreadsheets in Exhibits Seventeen-A and Seventeen-B. The exhibits are spreadsheets containing rows of data selected because of their alleged link to two movies—*Babes in Toyland* and *The Night They Saved Christmas*—rather than entire pages of the original payment spreadsheet. There is no evidence that Stripe, Inc. created the exhibits, and even if it did, there is no evidence that it did so in the course of its regularly conducted business.

The Court determines that it is possible, without further information about the creation of the spreadsheets in Exhibits Seventeen-A and Seventeen-B, that the Government will need to submit the exhibits as summary charts. *See* FED. R. EVID. 1006. In fact, Mr. Gordon suggests that Exhibits Seventeen-A and Seventeen-B might be admissible under Rule 1006. *Def.'s Resp.* at 2 ("[A]s Exhibit 17A and 17B

---

[1] Mr. Gordon refers to "Square" in his Opposition, but the context of the reference leads the Court to believe that he is referring to Stripe. For the purposes of this order, the Court assumes that he means to refer to Stripe.

appear to be summary exhibits and they summarize what's contained in Exhibit 17, the Government should be forced to offer Exhibit 17A and 17B as summary charts"). However, the Government has not proffered these exhibits as summary charts under the rule.

The Court reserves final judgment on the authenticity and admissibility of Exhibits Seventeen-A and Seventeen-B.

## IV. CONCLUSION

The Court GRANTS the Government's Supplemental Motion in Limine for Determination that Exhibits 17, 17A and 17B Qualify as Admissible Records Under Rule 803(6) (ECF No. 114) as to Exhibit Seventeen and DEFERS FINAL RULING on Exhibits Seventeen-A and Seventeen-B until trial.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2019