UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA    )
    )    1:19-cr-00007-JAW
v.    )
    )
DOUGLAS GORDON    )

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF EMAILS SENT BY THE DEFENDANT TO THE PROSECUTION AND TO SPECIAL AGENT LOREN THRESHER**

In anticipation of trial on charges of criminal copyright infringement and mail fraud, a defendant moves in limine for a pre-trial ruling excluding any evidence of email messages sent by the defendant to the prosecution and to a special agent of the United States (Government) under Federal Rules of Evidence 401 and 403. The Court concludes that the email messages are inadmissible with one exception.

## I.    BACKGROUND

### A.    Procedural History

On September 19, 2019, Douglas Gordon filed a motion in limine to exclude any evidence of emails he sent to the prosecution and to Special Agent Loren Thresher, who is the Homeland Security Agent assigned to the investigation of the case. *Def.'s Mot.* in Limine *to Exclude Any Evid. of Emails Sent by the Def. to the Prosecution and to Special Agent Loren Thresher* (ECF No. 93) (*Def.'s Mot.*). On September 24, 2019, the Government filed its response to Mr. Gordon's motion in limine. *Resp. of the United States to the Def.'s Mot.* in Limine *to Exclude Any Evid. of Emails Sent by the Def. to the Prosecution and to Special Agent Loren Thresher* (ECF

No. 101) (*Gov't's Resp.*). On September 30, 2019, Mr. Gordon filed his reply. *Def.'s Reply to the Gov't's Resp. to Def.'s Mot. in Limine to Exclude Evid. of Emails Sent by the Def. to the Prosecution and to Special Agent Thresher* (ECF No. 119) (*Def.'s Reply*).

## B.    The Emails in Contention

Although he alludes to other emails, Mr. Gordon attached to his motion an email string that contained only one email from him: an email dated September 4, 2019, directed to Attorney Stephen Smith, but that Mr. Gordon blindcopied to Assistant United States Attorney (AUSA) James Moore. *Def.'s Mot.*, Attach. 1. It reads:

> Ok, this thing has reached a new level of ridiculousness.
> I appreciate the updates but I don't need to see more threats and taunts from the playground.
> It's kind of boring. Please just send me the important stuff and the Trial start date.
> If you are required to send Jim's mind game messages to me as my lawyer I understand.
> But please forward them to my new email:
> Whogivesafuck@jimcansuckmydick.com

*Id.* at 1.

Attached to the Government's response are a series of twelve emails from June 22, 2017, through November 19, 2018, each addressed from Mr. Gordon to Special Agent Thresher, and two emails from Special Agent Thresher responding to Mr. Gordon's emails. *See Gov't's Resp.*, Attach. 3. Chronologically, the emails with subject lines are:

1) June 22, 2017: Next time, Pizza!

Sorry I missed your visit last month.  Next time let me know when you're coming and I'll order pizzas.  What kind do you guys like?

Maybe you won't trash my house so bad if I buy you lunch.

*Gov't's Resp.*, Attach. 3 at 1.

2) June 24, 2017: Seriously?

After 2 years, the US Customs thing . . . Again?

You guys really are a "one-trick" pony.  The Hillary email "investigation" took like 2 weeks.  And that was about the SECURITY of the entire country!  and you guys are in charge of keeping the HOMELAND safe?

No wonder your agency is the biggest joke after FEMA.

*Id.* at 2.

3) June 29, 2017: Purple People Eater

I noticed in the Customs Paperwork you sent me, you mentioned the movie, "Purple People Eater".  Since I wasn't real familiar with that title, I googled it and guess what?

It's on Youtube.  It has been there since 2013, where 139,942 people have watched it for FREE.

Here's a link:

https://youtu.be/FY7NZ6vKWGM

So you can "investigate" this hot tip.  Think Youtube (aka google) will be you next target?  Or are they too rich, powerful and politically connected for you to try to intimidate?

Just trying to help.  You don't really seem to understand Copyright or even the difference between a movie and a video game.

You're welcome.

*Id.* at 3.

4) July 14, 2017: Let's stop dicking around . . . . .

Are you still harassing my former employees?  You know I owned Video Stores, right?  They weren't fronts for Heroin sales or Terrorist Cells (real cases Homeland Security should be working on, BTW).  I mean, what do you expect my former workers to tell you?  How to make change for a 20 dollar bill?

If your boss, James Moore, has such a strong case (like he's been saying for almost 2 years), Why don't you just come and arrest me?  Besides owning the

stores, all I've done since 2004 is sell things on-line. It's really all I know. But you keep taking my computers, my selling stock of VHS, DVDs, Blu-rays and Video Games (!?!?!).

And what's up that last one? you guys took like 200 video games, I didn't see those listed on the search/seizure warrant! You DO know the difference between a video game and a movie, right? Of course, if you don't, it sure would explain a lot about this "investigation".

So anyway, you continue to take away the only way I know how to make money, and I have more medical issues then ten residents of the average nursing home. Did you know I had upwards of 20 strokes between 2012 and 2015? Jesus Christ, Man!

Just come and arrest me, let the federal government prison system take care of me and you can stop wasting time and money on these stupid "raids". Maybe you could then go after some REAL criminals. ☺

Cheers!

*Id.* at 4.

5)  February 24, 2018: Florida

Wow.

This must be an important case. Your hunting them down everywhere.

I can't image the resources your wasting. You know, Florida?

Do you ever think about that? Law enforcement went to the parkland shooter's house 39 times!!!;

While you guys were jerking each other off trying to figure out who owned the rights to some TV movie from the 70s!

I guess it's ok, being a lapdog for corporate america is way more important then saving lifes.

*Id.* at 5.

6)  March 23, 2018: You Lied to me

The first day I ever met you . . I asked you . . .

"have you ever done a copyright case like this?"

And you said . . . many times . . .

I call BULLSHIT

but if you lie to me . . . it's ok . . right?

Will you fuckers please bring this to trial? Cause I am going to eat your lunch . . and not in a nice way . . .

*Id.* at 6.

7) April 23, 2018: So . . . . .

. . how's the "investigation" going?
It's funny you're dragging my name through the mud . . . . "looking" for possible federal crimes that MAY have been committed . . . . and talking to many, many people . . . . for years now.
Are you feeling a little stressed to come up with *something*?
And YET, on August 4th 2015, you already pinned me as some kind of crimelord mastermind.
Hmmm, Dude, I don't know whoever gave you such a hard-on for me, But I guess I'll find out eventually . . . one way or another.  And then we'll get the REAL story behind this shit show.

*Id.* at 7.

8) April 24, 2018: Oh, one more thing . . . .

. . did you ever watch Columbo?  I loved it when he did that . . . .
When I said in my last email . . . "you're dragging my name through the mud" . . . . there is a legal phase for that, you know . . . when you accuse somebody of something falsely, charge them and damage them . . . . I can't think of it now. I'm sure you're aware of legal term . .  That's why I need you to bring this to trial . . . . because every time you harass my friends, former employees and people close to me I'm adding another zero to the lawsuit I'm going to file against you personally (and the US Gov.) . . . just FYI . . . we're at 7 zeros now. Would it help if I strolled around out front of the federal building holding a HAM SANDWICH . . . .?

*Id.* at 8.

9) October 23, 2018: Question

Do you think we could talk some time?

*Id.* at 9.

10) October 23, 2018: Email from Loren Thresher to Mr. Gordon Re: Question

As I understand you are represented by counsel we can only speak if your attorney allows it.  Please have your attorney contact the U.S. Attorney's Office.

*Id.* at 10.

11)  October 23, 2018: Email Re: Question

Yeah, I think I just fired him.  But I guess I'll get a new one . .  . and then maybe?

*Id.*

12)  October 24, 2018: Email from Loren Thresher to Mr. Gordon Re: Question

Mr Gordon:
We would like to speak with you, however, we believe it is in your best interest to be represented by an attorney.  If you are no longer represented by your current attorney of record we suggest you retain another attorney.  If you are not financially able to retain the services of another attorney you may be eligible to have another attorney assigned by the Court Clerk's Office.  We cannot meet with you without an attorney unless you acknowledge in writing your understanding of your right to have an attorney, the absence of any attorney representing you at this time, and your desire to speak with us without an attorney.

*Id.* at 11.

13)  October 24, 2018: Email Re: Question

Ok, you shan't hear from me again.
I've been properly scolded by Steve.
Again.

*Id.*

14) November 19, 2018: That's so funny

. . . and kinda sad.  While you were down at Maine Maritime Academy, trying to figure out who owns the rights to some 70s TV Movie . . . they were being "phished".
You know?  Cyber security?  A REAL crime . . . . .
But that shit scares you, obviously.  That's why you dick around with "easy wins".
of which I am not.  Please . . . Please . . . Please. . . bring this to trial . . .

*Id.* at 13.

## II.   PARTIES' POSITIONS

### A.   Douglas Gordon's Motion in Limine

Mr. Gordon points to the Government's discussion of nullification in its trial brief to show that the Government "intends to offer certain emails made by [Mr. Gordon] as part of its case in chief." *Def.'s Mot.* at 1 (citing *Trial Brief of the United States* at 6 (ECF No. 91)).  Mr. Gordon argues that the email messages he sent to the prosecution and to Special Agent Thresher are "simply irrelevant" because "they do not establish any element of criminal copyright infringement or mail fraud and artifice."  *Id.* at 2.  Mr. Gordon further asserts that if the Court finds the email messages relevant, it should still exclude them because they "would confuse the issues for the jury, mislead the jury and constitute an undue delay and waste of time under Fed. R. Evid. 403," and would be "unfairly prejudicial" to Mr. Gordon because they would "create[] a substantial likelihood that the jury will find against [Mr. Gordon] based upon the fact that the messages are offensive and the jury does not like [Mr. Gordon], rather than based on the evidence in the case."  *Id.* at 2-3.

### B.   The Government's Response[1]

The Government argues that, rather than being "simply irrelevant," Mr. Gordon's emails to Special Agent Thresher "are highly probative to show his intent and motive in engaging in the conduct alleged in the Superseding Indictment." *Gov't's Resp.* at 2.  The Government provides examples of email messages it finds probative,

---

[1]     In its response, the Government asserts that Mr. Gordon admits that "the challenged email messages were sent by [him]."  *Gov't's Resp.* at 2 n.1.  In his reply, Mr. Gordon did not question his authorship of the contested emails.  *Def.'s Reply* at 1-4.  For purposes of this order, the Court assumes that the Government can prove that Mr. Gordon was the author of the contested emails.

such as Mr. Gordon writing that "[b]esides owning the stores, all [he's] done since 2004 is sell things on-line" and that "[i]t's all [he] really knows." *Id.* (quoting *id.*, Attach. 3 at 4).

The Government asserts that the emails to Special Agent Thresher "are also relevant to show his knowledge that he was under investigation and of allegations that he was acting with a bad purpose." *Id.* According to the Government, the facts in the email messages to Special Agent Thresher are "highly probative" because they "are specific and detailed . . .." *Id.* at 3. Moreover, the Government views Mr. Gordon's use of "crude language" as evidence of his "bad purpose," as well as his "regular[] harass[ment]" of Special Agent Thresher. *Id.* at 2.

For these reasons, the Government argues, these email messages' "probative value is high and substantially outweighs any prejudicial effect or danger they may pose of confusing the jury." *Id.* at 3. The Government asserts that the statements in the email messages to Special Agent Thresher, while prejudicial, "were made voluntarily and knowingly" and fall under "a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements, such that the damage that follows from one's own statements is not unfair prejudice for the purposes of a Rule 403 analysis." *Id.* at 3-4 (quoting *Bonds v. Dautovic*, 725 F. Supp. 2d 841, 847 (S.D. Iowa 2010)). The Government adds that Mr. Gordon's messages "do not contain any overly course language," but rather use language that "provides context to his messages." *Id.* at 4.

The Government argues that the crude language Mr. Gordon used in his email to AUSA Moore—saying he could be contacted at "whogivesafuck@jimcansuckmydick.com"—"shows context and the degree to which he intends to disobey the law" and "is not so inflammatory that its admission would unfairly prejudice [Mr. Gordon]." *Id.* at 5. The Government requests that the Court "reserve ruling as to whether a redacted version of [Mr. Gordon's] email may be used during any cross examination of him." *Id.* The Government does not state that it plans to use the email to AUSA Moore in its case-in-chief.

### C.    Douglas Gordon's Reply

Mr. Gordon's reply reiterates his argument under Rule 403 by specifying examples of language he deems "inflammatory," as well email messages that he determines "do[] not pertain to any element of the crimes charged against [Mr. Gordon]." *Def.'s Reply* at 1-4. Mr. Gordon also states that, given that Mr. Gordon sent the email messages to Special Agent Thresher between June 22, 2017, and November 19, 2018, "the messages should only relate to Count 3 of the Government's Superseding Indictment, as that is the only relevant time period to which these emails would apply." *Id.* at 1-2. Mr. Gordon applies the same arguments to the email message sent to AUSA Moore. *Id.* at 4.

## III.    THE LEGAL STANDARD

Federal Rule of Evidence 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## IV.   DISCUSSION

Mr. Gordon's email statements to both AUSA Moore and Special Agent Thresher are not hearsay because they are party-opponent statements. *See* FED. R. EVID. 801(d)(2)(A).  The issue is whether the Court should exclude the statements under Rule 403.  The Court views the vast bulk of the statements as expressing Mr. Gordon's frustration with the fact that he was under investigation by the federal government and his annoyance with the fact that the federal government was investigating him as opposed to others.  The Court sees the probative value of such comments as extremely attenuated.  Presumably no one who comes under a serious federal criminal investigation likes it, though few are so rash as to express it directly to the investigating agent and prosecutor, especially in Mr. Gordon's colorful language.  The prejudicial impact seems apparent because of Mr. Gordon's language and his taunting of the federal agent and prosecutor.  In general, the Court views the email string as having minimal probative value and having significant prejudicial impact.  Most of the email messages, therefore, are excludable.

One exception, however, is the email of July 14, 2017, in which Mr. Gordon admits: (1) that he owned Video Stores, (2) that all he has done since 2004 is sell things on-line, (3) that it is really all he knows, (4) that the federal government keeps taking his computers and his selling stock of VHS, DVDs, Blu-rays, and Video Games, and (5) that this is the only way he knows to make money. *Gov't's Resp.*, Attach. 3 at

10

4. In the Court's view, these are admissions that go directly to the elements of the Government's case. This email also shows that Mr. Gordon had knowledge that he was under investigation.[2] While this email contains prejudicial content, such as the language in the subject line, the probative value outweighs the prejudicial impact.

The Government asked the Court to reserve ruling on Mr. Gordon's email to AUSA Moore "as to whether a redacted version of the Defendant's email may be used during any cross examination of him." *Gov't's Resp.* at 5. Based on this language, the Court concludes that the Government does not intend to use this email during its case-in-chief and will use it, if at all, during cross-examination of Mr. Gordon. As Mr. Gordon may not testify, a ruling on the admissibility of the September 5, 2019, email to AUSA Moore may never become ripe and the Court declines to issue an advisory ruling. Before the Government refers to the September 4, 2019, email to AUSA Moore before the jury, the Court expects AUSA Moore to approach sidebar to alert defense counsel and the Court to obtain a ruling.

## V. CONCLUSION

The Court GRANTS the Defendant's Motion in Limine to Exclude Any Evidence of Emails Sent by the Defendant to the Prosecution and to Special Agent Loren Thresher (ECF No. 93) with respect to all but one of the email messages to

---

[2] Some of the other emails also show Mr. Gordon's knowledge that he was under investigation, but, given the admissibility of the July 14, 2017, email, admitting other emails for that purpose is cumulative and thus not sufficient to shift the balance of the Rule 403 analysis.

Special Agent Loren Thresher and DENIES the Defendant's Motion in Limine with respect to the September 14, 2017, email to Special Agent Thresher.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2019