# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:19-cr-00007-JAW |
| v. | ) | |
| | ) | |
| DOUGLAS GORDON | ) | |

**ORDER ON UNOPPOSED MOTION OF THE UNITED STATES TO SEAL GOVERNMENT EXHIBIT NUMBERS 49, 54, 217A, 218, AND 220**

The Government moves belatedly to seal exhibits that were admitted without sealing or redaction during a public trial. The Court concludes that the Government's motion to seal admitted exhibits is flawed under First Circuit precedent regarding the presumption of public access to criminal proceedings and the Court gives the Government two weeks to present a more detailed explanation and to make a more compelling case for its motion to seal.

## I.   BACKGROUND

From October 21, 2019, through October 29, 2019, the Court presided over a jury trial in this case, which resulted in guilty verdicts on October 29, 2019. *Min. Entry* (ECF No. 159); *Jury Verdict Form* (ECF No. 162). During trial, the Government moved for the admission of Government Exhibits 54, 217A, 218, and 220; the Court admitted each exhibit into evidence. *Jury Trial Ex. List* at 4, 12 (ECF No. 160). The Government referred to, but did not move the admission of, Government Exhibit 49. *Id.* at 3. On November 12, 2019, the Government filed an unopposed motion to seal each of the exhibits listed above, both those admitted and the one only referred to. *Unopposed Mot. of the United States to Seal Gov't Ex. Numbers 49, 54,*

*217A, 218, and 220* (ECF No. 165) (*Gov't's Mot.*). In its motion, the Government states that the Government exhibits are "incapable of redaction," *id.* at 1, as they contain "the names, home addresses and other information pertaining to thousands of victims of the Defendant's crimes." *Id.* at 2. The Government cites caselaw supporting the sealing of such information. *Id.* The Government notes that Douglas Gordon has no objection to the sealing. *Id.* at 2-3.

## II. DISCUSSION

The Court has the impression that the United States Attorney's Office in the District of Maine does not take the right of public access to criminal proceedings as seriously as the Court does.

### A. The Government's Caselaw

The caselaw the Government cited in support of its wholesale sealing of admitted exhibits is unhelpful. *Gov't's Mot.* at 2. In *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977), the Ninth Circuit merely noted that the district judge sealed the names and addresses of victims and did not address the propriety of the sealing. *Id.* at 762. *Vincent* provides scant authority for the Government's motion here. *Vincent* involved a mass tort that arose out of an airplane crash. *Id.* After a complaint was filed purporting to be a class action, the district judge ordered that Hughes Air West file a sealed list of the names and addresses of the crash victims and their survivors. *Id.* Hughes complied, and the Court used the list to send notice of the class action to the survivors. *Id.* Unlike the *Gordon* case, *Vincent* never went to trial and the list of victims was never formally admitted into evidence. Moreover,

2

the privacy rights of the victims in *Vincent* were much more significant than the privacy rights of the victims here.

In *Pan American World Airways, Inc. v. United States District Court for the Central District of California*, 523 F.2d 1073 (9th Cir. 1975), the Ninth Circuit again addressed lawsuits that followed plane crashes and noted in passing that the names of the victims had been sealed. *Id.* at 1081. Again, however, the names and addresses of the victims had not been admitted into evidence at trial and the Ninth Circuit did not address the propriety of the sealing. *Id.*

*United States v. Moore*, Nos. 09-cr-881-1 (TPG), 12-cv-1600 (TPG), 2015 U.S. Dist. LEXIS 70261, 2015 WL 3457242 (S.D.N.Y. May 29, 2015) is closer. Unlike *Vincent* and *Pan American*, *Moore* is a criminal case involving victims of a crime. In *Moore*, the defendant pleaded guilty to engaging in a Ponzi scheme through which he defrauded fourteen persons of $58,364,489.91, the amount the district court ordered in restitution. *Id.*, 2015 U.S. Dist. LEXIS 70261 at *17-18. It is true that the district court sealed the list of persons receiving restitution and the individual amounts the district court ordered for each victim. *Id.* at *17. However, the *Moore* case never went to trial and the names of the victims were not formally admitted into evidence. Furthermore, the district court was not asked to address whether the names and amounts payable to the victims should have been sealed.

The final case that the Government cited in support of its motion is *United States v. Bello*, No. 3:12CR84 (AWT), 2013 WL 11330644 (D. Conn. Aug. 21, 2013). *Bello* addressed a restitution order and in the order, the district court actually listed

3

the names and amounts of the ordered restitution for the victims but redacted their addresses. *Id.* at *1. Though the list was also filed under seal, the redactions in the restitution order in *Bello* do not support the Government's motion for wholesale sealing.

B.  **The Law on Public Access**

As the Government recognized, the leading case on public access to federal court proceedings in the First Circuit is *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013). In *Kravtez*, the First Circuit reiterated "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *Id.* at 52 (quoting *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998))). The *Kravetz* Court defined "judicial records" as "materials on which a court relies in determining the litigants' substantive rights." *Id.* at 54 (quoting *In re Providence*, 293 F.3d at 9-10 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986))). Once a document is deemed a judicial record, a common law right of public access attaches and the document is presumptively public. *Id.* at 52-54. Here, all but one of the exhibits that the Government seeks to seal were admitted as exhibits in a public trial without a motion to seal or redaction. They are therefore unquestionably judicial records to which the presumption of public access applies. The *Kravetz* Court recognized that "[t]hough the public's right of access is vibrant, it is not unfettered." *Id.* (quoting *Siedle*, 147 F.3d at 10). Nevertheless, "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the

4

common-law right of access." *Id.* (quoting *In re Providence*, 293 F.3d at 10 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987))).

The Court turns to the more difficult question: whether a court may seal a document admitted unsealed into evidence in a criminal trial. There is little direct authority. In *United States v. Robinson*, No. 08-10309-MLW, 2009 U.S. Dist. LEXIS 3345, 2009 WL 137319 (D. Mass. Jan. 20, 2009), a district judge addressed whether the name of a victim of extortion, described as a "prominent businessman in the Boston area," who was involved in a "sex-for-fee relationship," must be revealed to a local newspaper. *Id.*, 2009 U.S. Dist. LEXIS 3345 at *1. The district court denied the newspaper's motion for this information, but the *Robinson* case had not gone to trial. *Id.* at *1-6. The district judge noted:

> If this case proceeded to trial and the victim testified, or his identity became relevant to the adjudicative process in some other way and is revealed to the court, the analysis would become more complicated.

*Id.* at *6-7. The judge observed that even if the victim's identity were revealed at trial, "public disclosure would not be automatic." *Id.* at *7. The district judge noted that judicial records "may be sealed if the right to access is outweighed by the interests favoring non-disclosure." *Id.* (quoting *United States v. Salemme*, 985 F. Supp. 193, 195 (D. Mass. 1997)). The *Robinson* Court referred to the following considerations:

> Among the countervailing factors favoring nondisclosure are: (i) prejudicial pretrial publicity; (ii) the danger of impairing law enforcement or judicial efficiency; and (iii) the privacy interests of third parties.

5

*Id.* (quoting *Salemme*, 985 F. Supp. at 195). The district judge also noted that in *Robinson*, "disclosing the identity of the purported victim, who was allegedly threatened with public exposure in an effort to extort money, would inflict the very harm this prosecution [sought] to punish and, at least as arguably, discourage similarly situated victims from cooperating with law enforcement." *Id.*

The district court also discussed the impact of The Crime Victims' Rights Act (CVRA) that Congress enacted in 2006. *Id.* at *7-8 (citing 18 U.S.C. § 3771(a)(8)). Among those rights is (1) the right to be reasonably protected from the accused and (2) the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(1), (8). In the context of an extortion case, the district court again noted that making public the name of the victim would "subject the victim to precisely the harm threatened by the defendant . . .." *Id.* at *9.

In addition to *Robinson*, the Court notes that Federal Rule of Criminal Procedure 49.1 lists the information that should be redacted for privacy:

> **(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:
> **(1)** the last four digits of the social-security number and taxpayer-identification number;
> **(2)** the year of the individual's birth;
> **(3)** the minor's initials;
> **(4)** the last four digits of the financial-account number; and
> **(5)** the city and state of the home address.

FED. R. CRIM. P. 49.1(a)(1)-(5). Rule 49.1(e) allows a court to issue a protective order redacting additional information "[f]or good cause" and the advisory committee note confirms that this provision allows the redaction of "sensitive or private information." *Id.* advisory committee's note (2007).

Finally, in *Kravetz*, the First Circuit stressed that "redaction remains a viable tool for separating [information that is sensational and impure] from that which is necessary to the public's appreciation of the sentence imposed." 706 F.3d at 63.

### C. Application to the Government's Motion

Assuming the Government inadvertently neglected to redact the admitted trial exhibits of the personal information covered by Rule 49.1, the Court would have no difficulty granting an order allowing the Government to substitute new, redacted exhibits for the unredacted exhibits and retaining the original admitted exhibits under seal to allow for appellate review. The privacy concerns underlying Rule 49.1 persist and are not waived by attorney error.

With this said, the Court does not view the fraud victims in this case the same way the district judge viewed the extortion victim in *Robinson*. The jury found that Mr. Gordon perpetrated a fraud on those persons who purchased "burned" DVDs from his websites and the Government has not shown that these victims would suffer embarrassment, shame, or opprobrium if their names were made public. The trial evidence indicated that most victims ordered movies from what appeared to be a legitimate website, paid money for what they properly thought was an authorized business, and were cheated by Mr. Gordon, who sent them an inferior, unauthorized

7

product.  In fact, the Government called as witnesses at trial several individuals who were victims of Mr. Gordon's scheme and the Court did not detect any personal sense of embarrassment, only an occasional sense of irritation against Mr. Gordon.  Once redactable information is removed, the Court is not convinced that the exhibits fall within the narrow band of information that a district court may deem non-public under *Kravetz*.

Turning to the specific exhibits that the Government seeks to seal, the Court notes that Exhibit 49 was only referred to and not admitted.  Therefore, although the Clerk of Court typically maintains the exhibit for purposes of the trial record, it is not open to public inspection.[1]  There is no need, therefore, for the Court to order sealed an exhibit that is not publicly available.

By the Court's count, Exhibit 54 contains nineteen separate documents.  Some are Excel spreadsheets that contain lists of customer names and email addresses.  The Court agrees that the publication of the names of the victims with their email addresses would be protected under the CVRA and this type of information, although not strictly within the scope of Rule 49.1, falls within the spirit of the Rule.  Furthermore, the Court agrees that there is no practical way to redact those exhibits.  At the same time, there are some exhibits that do not contain victim information, such as a description of Yahoo Email Snapshot Help.

---

[1]     The Court says "typically" because this may not have happened in this case.  The Clerk's Office informed the Court that it does not have unadmitted Exhibit 49.  It may be that counsel retained it.  If—as the Court suspects—the Assistant United States Attorney has possession of Exhibit 49, there is no need for the Court to order it sealed.

Exhibit 217A contains a response from Google to Special Agent Loren Thresher dated August 31, 2017, and two exhibits containing Google subscriber information for Mr. Gordon. The Court does not know why the Government contends the information in Exhibit 217A should be sealed.

Exhibit 218 contains thirty-three exhibits. Apart from one Excel spreadsheet, which would be sealable based on this Court's prior analysis, the Court does not know why any of the other exhibits should be sealed.

Finally Exhibit 220 contains a cover letter from Stripe Inc. explaining its response to a court order for production dated February 28, 2017. The Court does not know why that exhibit is sealable. One exhibit contains a single item, referring to Sadie Flood, who was not a victim of Mr. Gordon's scheme. This exhibit should be redacted to eliminate Ms. Flood's date of birth, but once that is done, the Court does not know why it should be sealed. The next Excel spreadsheet contains transactions through Stripe Inc., but no names. A line describes the date of a transaction, the amount, whether it was paid, a bank routing number, and a bank account number. Although Rule 49.1 indicates that a bank account number should be limited to the last four digits, the Court does not know whether a bank account number, standing alone unconnected to a name, would be useful to someone intent on mischief. Presumably this exhibit could be redacted by eliminating all but the last four digits of each account number in accordance with Rule 49.1 and thereby rendered harmless.

As noted earlier, with the exception of the Excel spreadsheets that contain so much personal information that redaction would not be worthwhile, the *Kravetz*

Court strongly encouraged the use of redaction over wholesale sealing. 706 F.3d at 63.

### D. Summary

The Court's analysis suggests why it commented earlier that the Court takes the public's right of access more seriously than the Government. The Government's motion to seal is barely over three pages and makes no effort to differentiate among redactable, sealable, and publicly-accessible exhibits. The motion seems to assume that because the Government says that something should be sealed, it should be.

Furthermore, the fact that Mr. Gordon acquiesces is of no moment because he does not represent the privacy interests of his victims. To the contrary, once the Government concludes that something should be sealed, a defendant is rarely in an adversarial position and typically joins in suppressing evidence of his criminality from the public gaze, leaving the Court to act sua sponte to protect the right of public access.

The Court urges the Government to reconsider its cavalier view of sealing in a criminal case, particularly regarding exhibits admitted at trial, and hew more closely to the pronouncements of the First Circuit before attempting to seal documents that would otherwise be subject to public access. To comply with *Kravetz*, a district court is required to "determine whether the parties have offered sufficient justification for sealing, and to articulate the reasons for its decision." *Kravetz*, 706 F.3d at 61. If the Government wants a particular document sealed, it should provide the Court with its

specific basis for sealing the document and not assume that the Court will grant or, as done here, defer a motion not properly presented.

## III. CONCLUSION

As the Court is confused about the bases for the Government's sealing motion for certain exhibits as described in this Order, the Court will defer final ruling for two weeks to allow the Government to submit a supplemental memorandum explaining why under *Kravetz* Exhibits 54, 217A, 218, and 220 should be sealed in light of the Court's concerns. The Court DEFERS for two weeks a final ruling on the Government's Unopposed Motion of the United States to Seal Government Exhibit Numbers 49, 54, 217A, 218, and 220 (ECF No. 165).

Finally, there is no basis to seal the Government's motion to seal since it contains no sealable information. The Court ORDERS unsealed the Unopposed Motion of the United States to Seal Government Exhibit Numbers 49, 54, 217A, 218 and 220 (ECF No. 165).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2019