UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS GORDON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | 1:19-cr-00007-JAW |
| ) | 1:23-cv-00343-JAW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**ORDER ON MOTION TO EXTEND TIME**

On September 11, 2023, the Court received Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2255.[1] (Motion to Vacate, ECF No. 268.) The petition was evidently signed on September 7, 2023. (*Id.* at 5.) Petitioner also filed a motion to extend the "statutory deadline" to file an amended/supplemental section 2255 motion. (Motion to Extend, ECF No. 269.) Petitioner represents that the deadline for his section 2255 motion is October 11, 2023.[2] Petitioner cites uncertainty as to the prison mail system, the lack of access to his personal records, and issues related to his attempts to obtain his case file from

---

[1] Unlike ordinary civil cases, the filing date for § 2255 petitions is not determined by the date on which the Court receives the document; the filing date is governed by the prison mailbox rule:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings.

[2] The Court makes no determination whether the deadline identified by Petitioner is the date on which the applicable one-year limitations period expires.

his trial counsel as explanations for his decision to file the current § 2255 motion when he did and as grounds for the request for more time.

Petitioner's request implicates two different legal standards. The approach to amended pleadings under Federal Rule of Civil Procedure 15 applies in habeas proceedings, *see* Rule 12 of the Rules Governing Section 2255 Proceedings, and courts will therefore consider arguments raised in an amended petition or supplemental memorandum filed after the one-year statute of limitations as "relating back" to a petition filed before the deadline provided that the amended filing does not "assert[ ] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Courts will only consider an amendment raising a new ground for relief depending on different facts and filed after the one-year statute of limitations if a petitioner can satisfy the higher bar required under the doctrine of equitable tolling. *See Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); ("To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances"); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases).

Federal courts are generally not authorized to consider requests for "pre-approval" of exceptions to the statute of limitations. *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016). Whether equitable tolling applies to this case to effectively extend the limitations period or whether any amendment should relate back to the date the filing of the original petition are issues the Court would evaluate when and if Petitioner seeks leave

to or files an amended or supplemental petition for habeas relief. The Court, therefore, denies the motion without prejudice to Petitioner's ability to argue for equitable tolling or relation back if he files an amended or supplemental petition after the expiration of the limitations period.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59 and Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of September, 2023.