UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DOUGLAS GORDON | Nos. 1:19-cr-00007-JAW |
| v. | 1:23-cv-00343-JAW |
| UNITED STATES OF AMERICA | |

**GOVERNMENT'S RESPONSE TO MOTION FOR SENTENCE REDUCTION**

Defendant Douglas Gordon has filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Amendment 821 to the Sentencing Guidelines, providing a decrease of two levels for certain "zero-point offenders." Gordon, however, is not eligible for relief under this provision for two reasons. First, he does not satisfy the statutory criteria for eligibility because he played an aggravated role in his offense as an organizer or leader. Second, even if the amendment were applied, Gordon's sentence is below the amended guideline range and the court is not authorized to reduce a sentence in those circumstances. Because Gordon has failed to establish a basis for relief, his motion should be denied.

**I.  Background.**

Gordon was convicted of two counts of criminal copyright infringement and one count of mail fraud based on a scheme in which he systematically and deceptively sold counterfeit DVDs without copyright authorization. The First Circuit affirmed Gordon's convictions on direct appeal. *United States v. Gordon*, 37 F.4th 767 (1st Cir. 2022).

For purposes of sentencing, Gordon's offense level was determined to be 25, pursuant to U.S.S.G. § 2B1.1. Revised Pre-Sentence Report at 12-13. A four-level adjustment was assessed based on Gordon's role as an organizer or leader in the criminal enterprise, and an additional two levels were added for Gordon's obstruction of justice. *Id.*

at 13-14. Gordon had no prior criminal history, and thus had zero criminal history points, placing him in criminal history category I. *Id.* at 15. Based on an offense level of 31 and a criminal history category of I, the advisory guideline range was 108 to 135 months' imprisonment. *Id.* at 21.

The court imposed a sentence of 36 months of imprisonment on the copyright infringement counts and 60 months on the mail fraud count, and ordered the sentences to be served concurrently to one another. Gordon was ordered to report to serve his sentence at Lewisburg USP, beginning on December 22, 2020. At present, his minimum release date is February 20, 2024. Gordon has previously filed two motions for compassionate release, both of which have been denied. *See* ECF 242, 246. Gordon's present motion, which this Court has docketed as a motion for reduction of sentence, was filed on October 16, 2023. ECF 277.

## II.  Argument

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for certain offenders who present zero criminal history points. The new provision states:

> § 4C1.1. Adjustment for Certain Zero-Point Offenders
>
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Commission ordered that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023). The proposed amendment also provides a new application note clarifying that this special instruction does not preclude the court from conducting sentence reduction proceedings and entering orders before February 1, 2024, provided that any order reducing the defendant's term of imprisonment has an effective date of no earlier than February 1, 2024.

### A. Gordon is not eligible for relief because of his aggravating role as an organizer/leader in the criminal enterprise.

As outlined above, in order to be eligible for relief under § 4C1.1, a defendant must meet all of the requirements under the statute. Among the enumerated factors rendering a defendant ineligible for relief, subsection (10) provides that the defendant must not have "receive[d] an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a

3

continuing criminal enterprise, as defined in 21 U.S.C. § 848." In this case, Gordon was assessed a four-level adjustment for his role as an organizer or leader in the criminal enterprise. The Revised Presentence Report found that Gordon "directed . . . employees to fulfill website orders by replicating DVDs, packaging orders for shipment, and handling customer complaints[.]" PSR at 13. In addition, Gordon "created scripted responses for each individual to use when responding to customer complaints of his online businesses," and "he solely received the profits of the websites." *Id*. Accordingly, the PSR concluded that Gordon was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," and, therefore, "four levels are added." *Id*. (quoting USSG §3B1.1(a)).

At sentencing, the court found that the Government had established one of the two alternative grounds supporting the application of the organizer/leader adjustment, i.e., that Gordon was an organizer or leader of criminal activity that was "otherwise extensive." ECF 222 at 36. Specifically, the court found that the totality of the circumstances—including the "breadth, scope, and complexity and duration of the offense"—demonstrated that Gordon's criminal enterprise was "extensive" as defined by Section 3B1.1," even if it did not involve 5 or more participants. *Id*. Therefore, the court applied the organizer/leader enhancement, resulting in a four-level increase to Gordon's offense level. *Id*. In light of that sentencing enhancement, under § 4C1.1.(a)(10), Gordon is ineligible for relief because of his aggravating role in the offense. *See also* Report Pursuant to Amendment 821, United States Probation Office (ECF 279 at 2) (noting that Gordon is "ineligible for relief due to him receiving a leader/organizer role enhancement").

### B. The court does not have authority to reduce Gordon's sentence to a term below the amended guideline range.

The second reason Gordon is ineligible for relief is the Court cannot reduce

Gordon's sentence to a term below the minimum of the amended guideline range. Section 3582(c)(2) provides that the district court may reduce the term of imprisonment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Alvira–Sanchez*, 804 F.3d 488, 495 (1st Cir. 2015). One of the applicable statements of the Sentencing Commission provides: "Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. 1B1.10(b)(2)(A); *United States v. Fanfan*, 558 F.3d 105, 108-09 (1st Cir. 2009). *See also United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) (noting that "[e]very circuit court to have addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government," and collecting cases). *Hogan*, 722 F.3d at 62. Moreover, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Rather, § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation. *See, e.g.*, *United States v. Hasan*, 245 F.3d 682, 685-86 (8th Cir.2001) (en banc) (finding that a reduction below the amended guideline range is not permitted). In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission. *See, e.g.*, *United States v. Julien*, 550 F. Supp. 2d 138, 139-40 (D. Me. 2008).

In this case, the application of Amendment 821 to Gordon would reduce his offense level from 31 to 29, resulting in an amended advisory guideline range of 87 to 108 months. *See* Report Pursuant to Amendment 821, United States Probation Office (ECF 279 at 2). Although that range is below Gordon's original advisory guideline range of 108 to 135 months, Gordon's sentence of 60 months remains well below even the amended advisory range of 87 to 108 months. Consequently, under section 1B1.10(b)(2)(A) of the guidelines, Gordon is not eligible for relief because the court is not authorized to reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range. *Fanfan*, 558 F.3d at 108-09. *See* ECF 279 at 2 (noting that because Gordon's "sentence was less than the low-end of the new Guideline range . . . his sentence cannot be reduced"). Because Gordon has failed to establish a basis for a reduction in his sentence, his motion should be denied.

Dated:  November 8, 2023							Respectfully Submitted,

											DARCIE N. MCELWEE
											United States Attorney

							By:	*/s/ Brian S. Kleinbord*
									Brian S. Kleinbord
									Assistant United States Attorney
									U.S. Attorney's Office
									100 Middle Street
									Portland, ME 04101
									(207) 780-3257
									Brian.Kleinbord@usdoj.gov

# CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2023, I caused the instant Motion for Court Order Authorizing the Disclosure of Confidential Communications with the Clerk of Court using the CM/ECF system, which will cause a copy to be sent to defendant and counsel of record. I also certify that I caused a copy of the foregoing document to be sent via regular mail to:

      Douglas Gordon, #13550-036
      USP Lewisburg
      U.S. Penitentiary
      P.O. Box 1000
      Lewisburg, PA 17837

            DARCIE N. MCELWEE
            United States Attorney

By:    */s/ Brian S. Kleinbord*
        Brian S. Kleinbord
        Assistant United States Attorney
        U.S. Attorney's Office
        100 Middle Street
        Portland, ME 04101
        (207) 780-3257
        Brian.Kleinbord@usdoj.gov