UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | Nos. 1:19-cr-00007-JAW |
|---|---|
| v. | 1:23-cv-00343-JAW |
| DOUGLAS GORDON | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION TO
U.S. PROBATION'S REPORT PURSUANT TO AMENDMENT 821**

Defendant Douglas Gordon has filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence based on Amendment 821 to the Sentencing Guidelines, providing a decrease of two levels for certain "zero-point offenders." Dkt. 277. On November 8, 2023, the government filed a response to Gordon's motion, citing two independent bases for the denial of relief: (1) Gordon did not satisfy the statutory criteria for eligibility because he played an aggravated role in his offense as an organizer or leader, and (2) that even if the amendment were applied, Gordon's sentence was below the amended guideline range and the court was not authorized to reduce a sentence in those circumstances. Dkt. 284 at 3-6.

On November 20, 2023, Gordon filed an objection to the "Report for Amendment 821 eligibility" filed by the United States Probation Office. Dkt. 287. Gordon's objection addressed only one ground: his statutory eligibility based on the leadership enhancement. Gordon is wrong on that point, and, in any event, he has failed to address the alternative basis on which relief should be denied. For these reasons, Gordon's motion should be denied.

As best the government can discern, Gordon's argument is that, in order for him to be disqualified from relief, the government must show that he was assessed the leadership enhancement *and* that he was engaged in a continuing criminal enterprise.

*Id.* Gordon's interpretation of the statute is flawed. The statute places the burden on the movant, Gordon, to show that he meets "all" of the criteria for eligibility. U.S.S.G. § 4C1.1(a). Under the section at issue here, the movant must show that he "did not receive an adjustment under 3B1.1 (Aggravating Role) *and* was not engaged in a continuing criminal enterprise, as defined by 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10) (emphasis added). In light of the statute's use of the word "all"—and its assignment of the burden on the defendant—it is Gordon's responsibility to show the absence of all disqualifiers, i.e., that he did not receive the leadership enhancement and that he was not engaged in a continuing criminal enterprise. It is not enough to satisfy one. Inasmuch as Gordon has acknowledged that he was assessed the leadership enhancement (*see* Dkt. 287), he has failed to show that meets "all" the criteria for entitlement to relief. *See United States v. Williams*, No. 04-CR-20065-PAS, 2023 WL 8082074 (S.D. Fla. Nov. 21, 2023) (concluding that the defendant was not eligible for relief solely on the ground that he received an aggravating role adjustment under § 3B1.1). Relief should be denied on this basis alone.

      Moreover, there is a separate ground that precludes Gordon from relief, which Gordon's objection did not address. As the government argued in its initial response, the court is not permitted to reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Fanfan*, 558 F.3d 105, 108-09 (1st Cir. 2009). *See also United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) (noting that "[e]very circuit court to have addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government," and collecting cases).

In this case, application of Amendment 821 to Gordon's sentence would reduce his offense level from 31 to 29, resulting in an amended advisory guideline range of 87 to 108 months. *See* Report Pursuant to Amendment 821, United States Probation Office (Dkt. 279 at 2). Although that range is below Gordon's original advisory guideline range of 108 to 135 months, Gordon's sentence of 60 months remains well below even the amended advisory range of 87 to 108 months. Consequently, under section 1B1.10(b)(2)(A) of the guidelines, Gordon is not eligible for relief because the court is not authorized to reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range. *Fanfan*, 558 F.3d at 108-09. *See* Dkt. 279 at 2 (noting that because Gordon's "sentence was less than the low-end of the new Guideline range . . . his sentence cannot be reduced"). *See United States v. Llanos Cortes*, No. 19-20220-CR-Scola, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (Slip copy) (holding that "the Court need not determine whether Llanos Cortes meets [the statutory] criteria because a reduction of his sentence would not be consistent with Amendment 821's applicable policy statements . . . ." Specifically, that "the Court cannot reduce Llanos Cortes's term of imprisonment below the minimum of the amended guideline range."). Because Gordon has failed to establish a basis for a reduction in his sentence, his motion should be denied.

Dated:  December 7, 2023						Respectfully submitted,

								DARCIE N. MCELWEE
								United States Attorney

						By:	*/s/ Brian S. Kleinbord*
							Brian S. Kleinbord
							Assistant U.S. Attorney
							U.S. Attorney's Office
							100 Middle Street
							Portland, ME 04101
							(207) 780-3257
							Brian.Kleinbord@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2023, I caused the foregoing response to be electronically filed with the Clerk of Court using the CM/ECF system. I also certify that I caused a copy of the foregoing to be sent via certified mail to:

        Douglas Gordon, #13550-036
        USP Lewisburg
        U.S. Penitentiary
        P.O. Box 1000
        Lewisburg, PA 17837

        DARCIE N. MCELWEE
        United States Attorney

By:   */s/ Brian S. Kleinbord*
        Brian S. Kleinbord
        Assistant U.S. Attorney
        U.S. Attorney's Office
        100 Middle Street
        Portland, ME 04101
        (207) 780-3257
        Brian.Kleinbord@usdoj.gov