UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19-cr-00007-JAW |
| | ) | |
| DOUGLAS GORDON | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

The Court dismisses without prejudice an inmate's motion to reduce his sentence under Amendment 821 of the United States Sentencing Guidelines. The Court concludes that United States Sentencing Guideline (U.S.S.G.) § 4A1.1(e) is not applicable because the defendant did not receive an enhancement for committing his crimes while under a criminal justice sentence, that U.S.S.G. § 4C1.1 is also unavailable because the defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(a) at his sentencing hearing, and that in any event U.S.S.G. § 1B1.10(b)(2)(B) bars relief.

**I.   BACKGROUND**

On January 17, 2019, a federal grand jury indicted Douglas Gordon for two counts of criminal copyright infringement, alleged violations of 17 U.S.C. § 506(a)(1)(B) and 18 U.S.C. § 2319(a).[1] *Indictment* (ECF No. 2.). On April 17, 2019, the grand jury issued a superseding indictment including the initial two counts of criminal copyright infringement and adding a count for a mail fraud scheme and artifice, an alleged violation of 18 U.S.C. § 1341. *Superseding Indictment* (ECF No.

---

[1]   A detailed account of the factual history may be found at *United States v. Gordon*, 37 F.4th 767, 769-70 (1st Cir. 2022).

44). A seven-day jury trial was held from October 21, 2019 to October 29, 2019, and on October 29, 2019, the jury issued a guilty verdict on all three counts. *Jury Verdict* (ECF No. 162).

On December 22, 2020, the Court sentenced Douglas Gordon to thirty-six months of concurrent incarceration on Counts I and II and sixty months of concurrent incarceration on Count III, one year of concurrent supervised release on criminal copyright infringement Counts I and II and two years of concurrent supervised release on mail fraud Count III, no fine, $554.90 in restitution, and $300 in special assessments. *J.* (ECF No. 216). According to the Bureau of Prisons' website, Mr. Gordon is due to be released on February 20, 2024. *See Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited 12/10/2023).

On August 1, 2022, Mr. Gordon filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a). *Def.'s Mot. for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a)* (ECF No. 230). On October 31, 2022, the Court issued a twenty-six-page order, dismissing without prejudice Mr. Gordon's motion. *Order on Mot. for Compassionate Release* (ECF No. 242).

On December 12, 2022, less than six weeks after the Court's dismissal of his motion for compassionate release, Mr. Gordon filed a new order for compassionate release. *Emer. Mot. for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a)* (ECF No. 243). The Government filed its opposition on December 27, 2022. *Gov't's Resp. in Opp'n to Mot. for Compassionate Release* (ECF No. 244). Mr. Gordon replied on January 6, 2023. *Def.'s Reply to Gov't's Resp. in Opp'n to Mot. for Compassionate*

*Release* (ECF No. 245).  On March 28, 2023, the Court dismissed Mr. Gordon's motion for compassionate release because he failed to exhaust administrative remedies. *Order on Mot. for Compassionate Release* (ECF No. 246).

On May 15, 2023, Mr. Gordon filed yet another motion for compassionate release. *Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(a)* (ECF No. 247).  On June 5, 2023, Mr. Gordon filed an additional attachment to his May 15, 2023 motion for compassionate release. *Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(a)* Attach. 1 (ECF No. 254).  On June 27, 2023, the Government filed its opposition.  *Gov't's Resp. in Opp'n to Mot. for Compassionate Release* (ECF No. 256).

On October 16, 2023, Mr. Gordon filed what he termed his third motion for compassionate release.  *Pro Se Mot. to Reduce Sentence* (ECF No. 277).  According to Mr. Gordon, this motion for sentence reduction is based on "the proposed retroactive Sentencing Amendment 821: U.S.S.C. 4C1.1 Zero Criminal History, 2 point reduction."  *Id.*  On October 18, 2023, the United States Magistrate Judge issued an order, holding Mr. Gordon's October 16, 2023 motion in abeyance until after November 1, 2023, the effective date of Amendment 821.  *Procedural Order on Mot. to Reduce Sentence Pursuant to the 2023 U.S. Sentencing Guideline Am. 821* (ECF No. 278).

On November 2, 2023, the United States Probation Office (PO) reviewed Mr. Gordon's case and determined that he is not eligible for a sentencing reduction under Amendment 821.  *Report Pursuant to Am. 821 to the United States Sentencing*

3

*Guidelines for <u>Ineligible</u> Def.* (ECF No. 279) (emphasis in original) (*PO Report*). On November 8, 2023, the Government filed its response to Mr. Gordon's Amendment 821 reduction request. *Gov't's Resp. to Mot. for Sentencing Reduction* (ECF No. 284). On November 20, 2023, Mr. Gordon objected to the PO report. *Def.'s Obj. to U.S. Probation 821 Reduction Report* (ECF No. 287) (*Def.'s Obj.*). On December 7, 2023, the Government filed a reply to Mr. Gordon's objection to the PO Report. *Gov't's Reply to Def.'s Obj. to U.S. Probation 821 Reduction Report* (ECF No. 287) (*Gov't's Reply*).

## II.   DISCUSSION

### A.   Amendment 821 and the Guideline Calculations

The amendment that occasioned Mr. Gordon's motion is known as Amendment 821. Mr. Gordon is not eligible for a sentence reduction under Amendment 821, and the Court is issuing this brief order to explain why.

At his December 22, 2020 sentencing hearing, the Court made its guideline calculations and determined that Mr. Gordon's total offense level was 31 and his criminal history category was Category I, resulting in a guideline sentence of 108 to 135 months, one year of supervised release on Counts I and II and one to three years on Count III, a fine from $30,000 to $250,000, restitution in the amount of $554.90, and a $100 special assessment per count. *Statement of Reasons*, Attach. 1, *Findings Affecting Sentence* (ECF No. 217). Mr. Gordon received a guideline enhancement of four levels under United States Sentencing Guideline § 3B1.1(a) because he was the organizer or leader of an extensive criminal activity. The factual basis for this enhancement was that the offense involved at least six participants and other factors

4

including but not limited to three websites used in furtherance of the enterprise, the duration of the conspiracy, the wide geographic range of the three websites, the number of DVDs sold, the number of victims impacted, and the number of unknowing corporate entities employed to keep the conspiracy going over the years. *PO Report*, Attach. 1, *Presentence Investigation Report* ¶ 35.

### B.     U.S.S.G. § 4A1.1(e) Is Inapplicable

One part of Amendment 821, which is the amendment that occasioned Mr. Gordon's motion, is United States Sentencing Guideline (U.S.S.G.) § 4A1.1(e). This provision changes the number of points added to a defendant's criminal history score if the defendant committed the relevant offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). But Mr. Gordon was not under a criminal justice sentence when he committed this crime, and accordingly he did not receive the criminal justice enhancement at his sentencing hearing, so this change does not apply to him.

### C.     U.S.S.G. § 4C1.1 Is Unavailable

There is another part of Amendment 821 that might have applied to Mr. Gordon. Found in U.S.S.G. § 4C1.1, the Guidelines now allow for a two-level reduction for so-called Zero-Point Offenders. *See* U.S.S.G. § 4C1.1(a). As Mr. Gordon had no criminal history points, he would have potentially been eligible for the two-level reduction. However, § 4C1.1(a)(10), one of many requirements for the reduction, only permits the reduction for Zero-Point offenders if the "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing

criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10). Here, because Mr. Gordon received a four-level enhancement under U.S.S.G. § 3B1.1(a), he is not eligible for a reduction under this provision of Amendment 821.

In his response, Mr. Gordon points out that § 4C1.1(a)(10) has two criteria, aggravating role and continuing criminal enterprise, and he argues that as he was not responsible for running a continuing criminal enterprise within the meaning of 21 U.S.C. § 848, the two-level reduction under § 4C1.1(a) should be available to him. *Def.'s Obj.* at 1. Mr. Gordon says that the criminal enterprise enhancement is known in prison as the kingpin charge for operators of large drug enterprises, *id.*, and he questions whether copying old movies is at the same level as these major drug dealers. *Id.*

In its reply, the Government describes Mr. Gordon's argument as "flawed." *Gov't's' Reply* at 1-2. The Government notes that § 4C1.1 places the burden on a defendant to show that he meets "all" of the criteria for eligibility. U.S.S.G. § 4C1.1(a). Thus, Mr. Gordon must show that he did not receive the aggravated role enhancement under § 3B1.1 and that he was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848.

In the Court's view, the Government is clearly correct. Section 4C1.1(a) requires that the defendant meet "all of the following criteria," including that he did not receive an aggravating role enhancement under § 3B1.1 <u>and</u> that he was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. As Mr. Gordon cannot meet the first § 4C1.1(a)(10) criterion, it is irrelevant whether he can

meet the second. *See United States v. Williams*, No. 04-cr-20065-PAS, 2023 U.S. Dist. LEXIS 209652, at *4 (S.D. Fl. Nov. 21, 2023). The Court rejects Mr. Gordon's strained interpretation of § 4C1.1(a)(10).

### D. U.S.S.G. § 1B1.10 Bars Relief to Defendant

Finally, under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration to a term less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). *See United States v. Agron*, No. 16-1776, 2019 U.S. App. LEXIS 40413, at *1-2 (1st Cir. Jan. 24, 2019); *United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) ("Every circuit court to have addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government"). If Amendment 821 applied to Mr. Gordon, it would reduce his total offense level from 31 to 29 and his guideline sentence range from 108 to 135 months to 87 to 108 months. The Court imposed a sentence of only 60 months, substantially below the range that would apply even if Amendment 821 were available to Mr. Gordon. As the new guideline range under Amendment 821 would not have resulted in a guideline range lower than Mr. Gordon's current sentence, the Court, constrained by U.S.S.G. § 1B1.10(b)(2)(A), may not reduce his sentence pursuant to Amendment 821.

## III.   CONCLUSION

The Court OVERRULES Douglas Gordon's Objection to U.S. Probation 821 Reduction Report (ECF No. 287) and DISMISSES without prejudice his Pro Se Motion to Reduce Sentence (ECF No. 277).

SO ORDERED.

>   /s/ John A. Woodcock, Jr.
>   JOHN A. WOODCOCK, JR.
>   UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2023