UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19-cr-00007-JAW |
| | ) | 1:23-cv-00343-JAW |
| DOUGLAS GORDON | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

For nearly five years, Douglas Gordon ran a business built on a crime. Selling videos of rare or hard to find movies, mostly online, Mr. Gordon obtained his supply of films by copying and burning the originals. But Mr. Gordon never obtained or sought to obtain permission from the holders of the copyright for these movies nor did he ever pay the copyright holders for his commercial use of their work. As Mr. Gordon's business model involved the persistent violation of copyright protections, it was only a matter of time before the authorities became involved. This moment was hastened because a substantial portion of the sold movies was poorly copied, and his online customers began to complain not just to him, but to state authorities and others.

Eventually, as the violation of copyright law is a federal crime, federal authorities began an investigation. Mr. Gordon was dismissive. The problem, he asserted, was that they did not understand the law. Mr. Gordon said that he had a perfect right to copy and sell these movies because his business was making fair use of the copyrighted works and because the movies were orphaned works and therefore not subject to federal copyright law.

The federal investigators did not agree. On January 17, 2019, a federal grand jury indicted Mr. Gordon for two counts of criminal copyright infringement, alleged violations of 17 U.S.C. § 506(a)(1)(B) and 18 U.S.C. § 2319(a) and § 2319(c)(1), *Indictment* (ECF No. 2), and on April 17, 2019, a grand jury issued a superseding indictment, adding a count of mail fraud, an alleged violation of 18 U.S.C. § 1341. *Superseding Indictment* (ECF No. 44). The case went to jury trial for seven days in October 2019, resulting in guilty verdicts against Mr. Douglas on all three counts. *Jury Verdict* (ECF No. 162). On December 22, 2020, Mr. Douglas appeared before the Court via videoconference for sentencing. *Min. Entry* (ECF No. 215). He faced a guideline sentence range of 108 to 135 months, a fine from $30,000 to $250,000, restitution in the amount of $554.90, supervised release on the mail fraud count from one to three years, and a $300 special assessment. *See Statement of Reasons*, Attach. 1, *Findings Affecting Sentencing* at 1-3 (ECF No. 217). The Court imposed a sentence of thirty-six concurrent months on the copyright infringement counts and sixty concurrent months on the mail fraud count, no fine, restitution of $554.90, one concurrent year of supervised release on the copyright counts and two concurrent years on the mail fraud count, and a $300 special assessment. *J.* (ECF No. 216).

Mr. Gordon appealed his convictions on the copyright counts only to the United States Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 218); *United States v. Gordon*, 37 F.4th 767, 769 (1st Cir. 2022) ("Mr. Gordon does not challenge his mail fraud conviction"). On June 23, 2022, the First Circuit affirmed the judgment of the district court. *Gordon*, 37 F.4th at 775; *J.* (ECF No. 228). In his appeal, Mr.

Gordon urged the appeals court to accept his view of fair use and orphan works, and the First Circuit rejected his arguments:

> Mr. Gordon says that he considered the potential illegal nature of his actions and that he did his best to obey the law by following his understanding of the concepts of "orphan works" and of fair use. But those arguments wither in the light generated by the many warning signs demonstrating his knowledge that he was breaking the law. We are tasked with construing the facts in the light most favorable to the jury's guilty verdict. With that in mind, even if we could discern some plausibility to Mr. Gordon's arguments, there is more than sufficient evidence for the jury to have found a willful intent.

*Gordon*, 37 F.4th at 773-74. The First Circuit went on to write:

> Mr. Gordon testified at trial about why he believed his actions were legal. The jury understandably did not choose to credit his testimony. Moreover, the jury heard an abundance of evidence summarily recounted here that included a demonstration that Mr. Gordon continued to copy movies after receiving multiple warnings from copyright owners and being under state and federal investigation. It was well within the bounds of reason for the jury, having weighed Mr. Gordon's contentions against the record, to find his actions willful.

*Id.* at 774. Mr. Gordon sought review by the United States Supreme Court, and on October 11, 2022, the Supreme Court denied his petition for writ of certiorari. *Gordon v. United States*, 143 S. Ct. 340 (2022).

On August 1, 2022, Mr. Gordon sought compassionate release from incarceration. *Def. Douglas Gordon Mot. for Compassionate Release Pursuant to 18 U.S.C. sec. 3582[]](c)(1)(a) in Light of the Spread of COVID-19* (ECF No. 230). Mr. Gordon's primary argument for release was COVID-19, but he also questioned the Government's motive in prosecuting him. *Id.* at 3 ("What was the US Government's REAL motivation for investigating and prosecuting Mr. Gordon for 'criminal copyright infringement'"?). On October 31, 2022, the Court dismissed Mr. Gordon's

motion for compassionate release. *Order on Mot. for Compassionate Release* (ECF No. 242). In its Order, the Court firmly rejected Mr. Gordon's attack on the federal prosecution. *Id.* at 22 ("The Court is nonplussed. Whatever he may think, Mr. Gordon is not the victim of his own crime").

On May 15, 2023, Mr. Gordon filed a second motion for compassionate release, this time pursuant to the First Step Act. *Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(C)(1)(A)* (ECF No. 247). In his motion, Mr. Gordon again challenged his copyright convictions. *Id.* at 3-4 ("All other criminal copyright cases involving the 'Fair Use' of 'Orphan Works' will be looking at this case as a precedent in the future. Including, if the Government decides to start asking the courts to give librarians and archivists long prison sentences because prosecutors can 'prove' criminal copyright infringement overrides 17 U.S.C. sections 107 & 108 with the help of the controversial 'Willfully Blind' doctrine"). On December 15, 2023, the Court denied Mr. Gordon's motion, noting that his decision to press these "unfounded and judicially rejected allegations gives the Court considerable pause as to whether the sentence the Court imposed has sufficiently deterred him from future criminal conduct." *Order on Second Mot. for Compassionate Release* at 13 (ECF No. 297).

Meanwhile, on October 16, 2023, Mr. Gordon filed a pro se motion to reduce sentence, asserting that Amendment 821 would allow for a reduction of his sentence, but as it was not effective until February 2024, the Court should release him under the compassionate release provision. *Mot. for Compassionate Release* at 1 (ECF No. 277). On November 2, 2023, the United States Probation Office determined that Mr.

Gordon was not eligible for an Amendment 821 sentence reduction. *Rep. Pursuant to Am. 821 to the United States Sentencing Guidelines for Ineligible Def.* (ECF No. 279). On December 12, 2023, the Court dismissed Mr. Gordon's motion to reduce his sentence pursuant to Amendment 821 because he did not receive an enhancement for committing crimes while under a criminal justice sentence, did not receive an aggravating role enhancement, and in any event the guidelines barred relief. *Order on Mot. to Reduce Sentence* at 1 (ECF No. 294). On the same day, the Court also denied his motion for compassionate release. *Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 295).

Finally, on September 11, 2023, Douglas Gordon moved to vacate, set aside or correct his sentence, alleging the Court improperly instructed the jury, the prosecutor engaged in misconduct, and his own defense counsel was ineffective, which, in the aggregate, violated his rights to due process. *Mot. Under 28 U.S.C. [§] 2255 to Vacate, Set Aside or Correct Sentence by a Person in Fed. Custody* at 2-5 (ECF No. 268).[1] On December 21, 2023, the Government opposed Mr. Gordon's motion. *Gov't's Resp. to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255* (ECF No. 302). Mr. Gordon replied on January 30, 2024, *Def.'s Reply Mem. in Support of Mot. for Post-Conviction Relief Under 28 U.S.C. §[ ]2255* (ECF No. 306), and submitted a supplemental reply in

---

[1]       Mr. Gordon is no longer incarcerated.  He began federal supervised release on January 26, 2024 and his supervised release is scheduled to end on January 25, 2026.  Mr. Gordon now apparently lives in or near Mattawamkeag, Maine. *See Notice of Change of Address* at 1 (ECF No. 316); *Def.'s Obj.* at 5.  Presumably Mr. Gordon is now serving his term of supervised release, but he still has the right to proceed with his § 2255 petition. *See Gignac v. United States*, Nos. 2:95-cr-00075-DBH, 2:14-cr-00546-DBH, 2015 U.S. Dist. LEXIS 14880, at *4 (D. Me. Feb. 6, 2015), *aff'd* 2015 U.S. Dist. LEXIS 28683 (D. Me. Mar. 4, 2015) ("A petitioner who is serving a term of supervised release is 'in custody' for purposes of section 2255").

support of his motion on March 25, 2024. *Def.'s Suppl. Reply in Support of 2255 Mot.* (ECF No. 315).

On June 10, 2024, the United States Magistrate Judge filed his recommended decision, recommending the Court dismiss Mr. Gordon's motion. *Recommended Decision on 28 U.S.C. § 2255 Mot.* at 1 (ECF No. 317) (*Recommended Decision*). Mr. Gordon objected to the recommended decision on July 23, 2024 on the ground that it "presents many EGREGIOUS ERRORS." *Pet'r's Obj. to the Mag.'s R. & Rs.* at 1 (ECF No. 320) (*Def.'s Obj.*) (capitalization in original). Mr. Gordon enumerates four specific objections to the Recommended Decision:

1) **OBJECTION NO. 1:** The Petitioner OBJECTS to the Magistrate Judge re-characterizing his constitutional claims by rephrasing the claims and then addressing ONLY part of the claim and/or an entirely different claim th[a]n what was raised by the Petitioner, in his pleadings.

2) **OBJECTION NO. 2:** The Petitioner OBJECTS to the misstatements/omissions of the procedural history of the case as found in the Magistrate's "R & R."

   **'Petitioner continued . . . [to sell DVDs] . . . after copyright holders sent Petitioner cease-and-desist notices . . .."**

   . . . .

3) **OBJECTION No. 3:** The Petitioner OBJECTS to the Magistrate's finding of fact based solely on the opinion of the Court of Appeals, and the Government's response to the Petitioner's § 2255. The Petitioner asserted FACTS throughout his § 2255 motion, which would have changed the outcome of the Petitioner's Criminal Case, and those FACTS warrant relief under 28 U.S.C. § 2255.

   . . . .

4) **OBJECTION No. 4:** The Petitioner objects to the Magistrate Judge's findings of fact based solely on the affidavit provided by defense counsel. When a court is faced with conflicting affidavits on material facts,

> contested factual issues **may not** be decided on the basis of affidavits alone, unless the affidavits are supported by other evidence in the record. *See United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981).

*Def.'s Obj.* at 1-3 (emphasis and capitalization in original).

For the sake of completeness, the Court briefly addresses Mr. Gordon's four objections to the Magistrate Judge's Recommended Decision. Regarding Mr. Gordon's first complaint that the Magistrate Judge improperly rephrased his claims, addressed only part of his claims, or resolved an entirely different claim than the one he presented, Mr. Gordon's contentions contain only generalities. Without specifics as to which arguments Mr. Gordon alleges the Magistrate Judge inaccurately phrased or inadequately addressed, the Court can neither make Mr. Gordon's argument for him nor speculate about the factual bases for these assertions.

In his objection, Mr. Gordon complained that the Magistrate Judge erred when he wrote in the Recommended Decision:

> Petitioner continued . . . [to sell DVDs] . . . after copyright holders sent Petitioner cease-and-desist notices . . ..

*Def.'s Obj.* at 1 (quoting *Recommended Decision* at 2) (alterations made by Defendant) (Defendant's emphasis removed). Mr. Gordon's objection is frivolous. The full quotation from the Recommended Decision is:

> Petitioner continued to sell the DVDs for many years, including after his employees received complaints from dissatisfied customers who believed they were purchasing a product sold by authentic or mainstream vendors, after copyright holders sent Petitioner cease-and-desist notices, and after government agencies notified him that he was the target of investigations.

*Recommended Decision* at 2.

Mr. Gordon has badly misinterpreted this sentence. He seems to believe that the Magistrate Judge is asserting that he sold specific DVDs after being served a cease-and-desist notice from the holder of that DVD. But that is not what the sentence says or implies. The sentence only says that Mr. Gordon continued his illegal business after being served with cease-and-desist notices as well as customer complaints and government notices that he was the target of investigations. *Id.*

This sentence in the Recommended Decision is unquestionably true. For example, Kevin Casey, the senior investigations manager for the Motion Picture Association, testified on October 25, 2019 that he sent lostmoviesfound@gmail.com a cease-and-desist order on April 26, 2017, and received a response from lostmoviesfound, and that after this interchange, the lostmoviesfound website was still operating. *Tr. of Proceedings*, at 960:3-980:23 (ECF No. 175).

In his third objection, Mr. Gordon makes the surprising assertion that the Magistrate Judge erred by reciting the facts from the First Circuit opinion, rather than accepting Mr. Gordon's version of the facts. Apart from the confounding proposition that a judge must accept whatever Mr. Gordon says about the evidence as opposed to what a circuit court of appeals determined the evidence revealed, Mr. Gordon gives no specificity to what evidence recited by the Magistrate Judge was not supported by the record.

In his third objection, Mr. Gordon goes on to declaim the Magistrate Judge's description of Mr. Gordon's lack of authority for his view of the "Fair Use of Orphan Works debate." *Def.'s Obj.* at 2. Mr. Gordon contends that "Fair Use of Orphan Works

is unsettled law." *Id.* But Mr. Gordon ignores the fact that the First Circuit Court of Appeals considered his fair use and orphan works arguments and concluded that his arguments "wither" because of the "many warning signs demonstrating his knowledge that he was breaking the law." *Gordon*, 37 F.4th at 773-74. As the Magistrate Judge correctly notes, under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Recommended Decision* at 5 (quoting *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted)).

In his fourth objection, Mr. Gordon again raises the odd contention that there was some sort of connection between the federal prosecution of him for copyright and mail fraud violations and a burglary and theft ring operating in the Bangor, Maine area at the time. *Def.'s Obj.* at 3-4. On October 31, 2022, the Court addressed Mr. Gordon's insinuation of "some improper relationship between his federal prosecution and the federal prosecution of a member of the Bangor burglary ring." *Order on Mot. for Compassionate Release* at 22. The Court then noted that "[a]s the judge who presided over the federal prosecution of one of the defendants in the burglary ring, the Court is aware of no relationship and, if there is some connection, Mr. Gordon does not explain what it would be." *Id.* Now, as then, Mr. Gordon makes some dark insinuations about his defense counsel's supposed conflict of interest, but the Court remains unclear what Mr. Gordon is saying. Nothing he says in his objection is a basis to overturn the Magistrate Judge's Recommended Decision.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and dismisses the Defendant's 28 U.S.C. § 2255 motion. The Court concludes the Defendant's arguments are unavailing and overrules his objections for the reasons discussed above.

The Court OVERRULES Douglas Gordon's Objection to the Magistrate's Report and Recommendations (ECF No. 320) and AFFIRMS the Magistrate Judge's Recommended Decision on 28 U.S.C. § 2255 Motion (ECF No. 317). Accordingly, the Court DISMISSES Douglas Gordon's Motion Under 28 U.S.C. [§] 2255 to Vacate, Set Aside or Correct Sentence by A Person in Federal Custody (ECF No. 268).

No Certificate of Appealability should issue because there is no substantial issue that could be presented on appeal.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2025